JULIUS M'RAE, *Plaintiff in Error, v.* THE STATE OF FLORIDA, *Defendant in Error.*

1.  Where no abuse of discretion is shown the denial of a motion for a continuance will not be disturbed by the appellate court.

2.  Where none of the talesmen objected to by the defendant served on the jury and it does not appear that any objectionable jurors were selected after the defendant's challenges were exhausted, alleged errors in rulings on challenges for cause may be immaterial.  An accused has a right to an impartial jury, but not to any particular persons as jurors.

3. Where the question is whether the accused made a certain statement, the fact that others may have also made the statement may be immaterial.

4. A charge that "the defendant has set up an alibi; and the burden of proving it is on him, but he is not bound to prove it beyond a reasonable doubt, and if upon the whole case the testimony raised a reasonable doubt that the defendant was present when the crime was committed, he should be acquitted," is not prejudicial or burdensome to the defendant, since the only burden it put upon the defendant was to meet the testimony as to the defendant's guilt by raising a reasonable doubt that he was present when the crime was committed.

5. Where the evidence is entirely circumstantial, but it points strongly to the defendant's guilt, and the whole evidence is such that the jury could reasonably have found the defendant guilty, and no errors of law or procedure appear, the judgment will not be reversed.

This case was decided by Division A.

Writ of error to the Circuit Court for Gadsden County.

The facts in the case are stated in the opinion of the court.

*W. H. Ellis,* for Plaintiff in Error;

*Park Trammell,* Attorney General, and *Chas. O. Andrews,* for the State.

PER CURIAM—Julius McRae was convicted of murder in the first degree with a recommendation to mercy and took writ of error.

A motion for a continuance, based largely on the al-

leged inability of the accused to secure counsel and to prepare his defense in the time allowed him, was denied.

No abuse of discretion by the trial court appears; and as the accused was in fact ably represented and given ample opportunity to make his defense, the denial of a continuance will not cause a reversal of the judgment.

The action of the court in excusing talesmen and in holding others to be qualified jurors does not appear to have injured the accused, as none of the jurors objected to by the accused served on the jury, and although it does appear that the defendant exhausted his statutory number of peremptory challenges, it does not appear that any objectionable jurors were selected after the defendant's challenges were exhausted. The accused had a right to an impartial jury, but was not entitled to any particular persons as jurors.

At the trial it was shown by the State that the defendant said he thought the deceased had caused defendant and others with him to be arrested for gambling, and the defendant was not permitted to show that others with him had stated that the deceased had caused their arrest. The object was to make it appear that the others who were arrested and not the defendant here had said the deceased caused them to be arrested.

This was immaterial since it made no difference what the others had said if the defendant had said he thought the deceased caused their arrest.

The court charged the jury that "the defendant has set up an alibi; and the burden of proving it is on him, but he is not bound to prove it beyond a reasonable doubt, and if upon the whole case the testimony raised a reasonable doubt that the defendant was present when the crime was committed, he should be acquitted."

This charge was not prejudicial or burdensome to the

defendant, since its meaning is that if the asserted alibi raises a reasonable doubt of the defendant's presence at the commission of the crime he should be acquitted. The only burden upon the defendant was to meet the testimony as to the defendant's guilt by raising a reasonable doubt that he was present when the crime was committed.

The evidence is entirely circumstantial, but it points strongly to the defendant's guilt, and the jury could reasonably and lawfully have found the verdict on the evidence adduced.

This being so and no errors of law appearing, the judgment should be and is hereby affirmed.

WHITFIELD, C. J., and SHACKLEFORD and COCKRELL, J. J., concur;

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.