JIM BIVINS. *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion Filed May 11, 1915.

1. Where circumstantial evidence is relied upon by the State for conviction and the evidence is of such character that it is consistent with the theory of guilt and precludes the court from saying the circumstances are consistent with any other reasonable theory than that of the defendant's guilt, an order refusing to grant a new trial will not be reversed upon the ground that the verdict is not supported by the evidence.

2. Where in the trial of a criminal case the witnesses for the State and the defence are excluded from the court room during the taking of testimony, the court may exercise a discretion in excusing a deputy sheriff, who was a witness, from the rule, and the exercise of such discretion will afford no ground for a new trial in the absence of any showing that the court abused its discretion to the injury of the defendant.

Writ of error to Circuit Court for Clay County; George Couper Gibbs, Judge.

Judgment affirmed.

*A. H. Bell,* for Plaintiff in error;

*T. F. West,* Attorney General, and *C. O. Andrews,* Assistant, for the State.

ELLIS, J.—The plaintiff in error, hereafter referred to as the defendant, was convicted of murder in the first degree, in the Circuit Court for Clay County, and on recommendation to mercy by the jury was sentenced to life imprisonment at hard labor in the State penitentiary.

The defendant was indicted in October, 1914, for the murder of William Mitchell, at Middleburg in June of that year, and was brought to trial in December, on that indictment.

The evidence in the case was circumstantial in character, and is sufficient to support the verdict at which the jury arrived. The place at which the person stood who fired the shot which killed the deceased was sufficiently established by the evidence of "Doc." Gordon in connection with the testimony of the witness Judge Frisbee as to the apparent line of the bullet's course. At that spot which was in front of the house at which deceased was shot, there was a bed of prickly pears, and foot prints were discovered leading from it into the road to a "black jack thicket." Some of the prickly pears were broken down and the footprints were shown to correspond with those made by the defendant, in the toe of whose shoe a prickly pear thorn was found the morning after the shoot-

ing. The tracks about this spot and those leading from there into the road and to the "black jack thicket" were marked by a certain peculiarity which corresponded with the tracks made by the defendant's shoes. The defendant denied that he was at or near the house of the deceased before the shooting occurred and admitted that after the shooting when he and others went there, that he did not go near the prickly pear bed, that is to say the spot from which the witness "Doc" Gordon said the shot was fired. The jury considered this evidence sufficient to establish the presence of the defendant at the spot from which the fatal shot was fired prior to the time when the defendant with others went to the house occupied by the deceased and at which he was shot. This fact being established to the jury's satisfaction, coupled with the statement of the dying man that it was his belief that the defendant shot him, a belief based upon a circumstance referred to by the dying man, which had some confirmation in the testimony of others, precludes this court from saying that the circumstances are consistent with any other reasonable theory than that of the defendant's guilt.

During the trial of the case a deputy sheriff named L. T. Ivey, who was a material witness for the State, was permitted to remain in the court room during the taking of testimony; the other witnesses both for the State and the defense were put under the rule. The defendant's attorney requested the court to exclude Mr. Ivey from the court room while the other witnesses were testifying. This request was denied by the court upon a statement made by the State Attorney to the effect that Mr. Ivey was familiar with the evidence to be offered by the State in the case, that he had worked on the case for several months and that the State Attorney relied a great deal

on the assistance that Mr. Ivey would be able to render in the case; that if Mr. Ivey should be excluded from the court room the State would be "seriously handicapped in the presentation of its case."

After two witnesses had testified the defendant renewed his motion to exclude the witness L. T. Ivey from the court room during the taking of testimony. It appeared that this deputy sheriff served the writ of venire facias in the case, that seven of the jurors trying the case were summoned by the deputy from the bystanders, and that he had been aiding the State Attorney in the prosecution of the case. The fear was expressed by defendant's counsel that the deputy sheriff would be permitted to wait upon the jury, attend them at meals and during recess and while they were in the jury room. The court announced that it had instructed the sheriff not to permit any deputy sheriff or other officers of the court who were expected to testify in the case to attend the jury at any time, and that he would not permit the deputy L. T. Ivey to attend the jury. The request to exclude the deputy Ivey was then denied and the defendant took an exception.

This transaction was made the basis of a motion in arrest of judgment and a motion for a new trial. The motion in arrest of judgment was inapplicable. The matter complained of constitutes no basis for a motion in arrest of judgment, nor does the motion appear in the record proper. The motion for a new trial embraces the alleged error of the court in permitting the witness to remain in the court room and assist the State Attorney, and the fourth assignment of error rests upon the same ruling. It does not appear in the record just how the deputy sheriff assisted the State Attorney. The statement of the latter indicates that the witness who had

worked on the case for months was familiar with all the evidence to be offered by the State and advised the prosecuting officer from time to time as to the different facts which the different witnesses were called to establish. There is nothing whatever in the record to show that this deputy selected the seven jurors from the bystanders with reference to any prejudices they might have had against the defendant; no challenges were made to any of the jurors upon that ground, or any other; nor is there any showing that the dejuty sheriff acted in any manner unbecoming an officer of the court, nor that the jury were influenced by his presence. The testimony of this witness indicated an interest in the trial from a vocational standpoint; his zeal may have led him into expressions of his opinion which he mistook for facts, that interest whatever may have been its degree, however, was apparent to the jury and went to his credibility, but in view of what the record shows, we are unable to say that the court abused its discretion in excusing him from the rule.

The judgment is affirmed.

TAYLOR, C. J., AND SHACKLEFORD, COCKRELL AND WHITFIELD. JJ., concur.