JACK M. DAVIS, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

En Banc.

Opinion Filed December 11, 1925.

1. Although absolute metaphysical and demonstrative certainty is not essential to sufficient proof by circumstances in a prosecution for crime, nevertheless, in order to invest mere circumstances with the force and effect of lawful proof, those circumstances, taken together, must be of a conclusive nature and tendency, leading on the whole to a satisfactory conclusion of guilt, and must produce in effect a moral certainty that the accused, and no one else, committed the offense, before a verdict of guilty is authorized.

2. To sustain a conviction in a prosecution for crime. it is not sufficient that the facts proven create a strong probability of guilt, or are consistent therewith. The facts must be inconsistent with innocence.

3. The value of circumstantial evidence, and its effect as proof, depend upon the conclusive nature and tendency of the circumstances relied upon to establish the controverted fact. If any fact essential to a conviction is not legally established to a moral certainty, the evidence is inconclusive and can not

be said to be sufficient in law to satisfy the mind and conscience of a jury.

A Writ of Error to the Circuit Court of Okeechobee County; C. E. Chillingsworth, Judge.

Reversed.

*C. D. Benson, J. C. Sullivan, Stafford Caldwell, T. W. Conely, Jr.,* and *C. Bradford,* for Plaintiff in Error;

*Rivers Buford,* Attorney General, and *Marvin C. McIntosh,* Assistant Attorney General, for Defendant in Error.

STRUM, J.—On July 4, 1924, an elaborate public celebration was held in Okeechobee City. At about the noon hour, and just preceding the serving of a barbecue dinner, several aeroplanes were flying in the air overhead, and a succession of explosions from firecrackers and other noise-making devices were recurring at frequent intervals at the scene of the celebration. Large numbers of people and many automobiles were moving about in the vicinity. One of the spectators at the celebration was standing by an automobile, engaged in casual conversation with a friend seated in the car, when the former fell to the ground dead, his head pierced by a steel bullet. The State produced in evidence a .32-calibre steel bullet found near the body immediately after the tragedy, which was claimed to be the bullet which killed the deceased, though it was never positively identified as such. The circumstances indicated that the fatal bullet may have been fired from the vicinity of several large automobile busses parked along the roadway about ninety feet distant. At the time, a number of persons were in the vicinity of, or passing by the busses. Plaintiff in error, hereafter referred to as the defendant, was found shortly after the homicide sitting in the driver's seat of one of the

busses.  He was arrested and charged with the homicide.
When arrested, defendant was found in possession of a .32-
calibre automatic pistol, the magazine of which was empty.
Defendant admitted to the arresting officer that he had
fired three shots from the pistol a short time before, but
claimed that all of these shots had been fired into the
ground, and none of them in the direction of the deceased.

. Defendant was indicted for manslaughter, and after trial
was adjudged guilty.  This writ of error is taken to that
judgment.

Although there were a number of people in the imme-
diate vicinity of the homicide, no witness was produced who
saw the fatal shot fired.  Evidence upon that phase of the
case is wholly circumstantial.  There is no suffificient proof
that the defendant fired more than three shots.  The State's
witness who seems to have been the most definite observer of
events, testified that he saw the defendant fire all of those
shots into the ground, none of them being ''in the range''
of the deceased.  The same witness testified that before he
saw the three shots fired—''some little bit before   *   *   * ,
it might have been five or ten minutes,   *   *   * ,'' he
heard one shot fired and that there was a similarity between
the report of the first shot and the three shots which he later
saw fired into the ground by the defendant, but the witness
further testified; ''I don't know who fired the (first) shot, I
just heard it, or in what direction it was fired.  I saw three
shots after that.''  No other testimony connects the defend-
ant with the first shot.  The witness testified that he did not
know whether the deceased was killed before the first shot
or afterward.

Although absolute metaphysical and demonstrative cer-
tainty is not essential to sufficient proof by circumstances,
nevertheless, in order to invest mere circumstances with the
force and effect of lawful proof, these circumstances, taken
together, must be of a conclusive nature and tendency, lead-

ing on the whole to a satisfactory conclusion of guilt, and must produce in effect a moral certainty that the accused, and no one else committed the offense, before a verdict of guilty is authorized. Under appropriate circumstances, a conviction may be sustained upon circumstantial evidence alone, McRae v. State, 62 Fla. 74, 57 South. Rep. 348; Williams v. State, 73 Fla. 1198; 75 South. Rep. 785; but it is not sufficient that the facts proven create a strong probability of guilt, or are consistent therewith. The facts must be inconsistent with innocence. The value of circumstantial evidence, and its effect as proof, depends upon the conclusive nature and tendency of the circumstances relied upon to establish the controverted fact. If any fact essential to a conviction is not legally established to a moral certainty, the evidence is inconclusive, and cannot be said to be sufficient in law to satisfy the mind and conscience of a jury. Kennedy v. State, 31 Fla. 428; 12 South. Rep. 858; Whetson v. State, 31 Fla. 240; 12 South. Rep. 661; Gantling v. State, 40 Fla. 237, 23 South. Rep. 857; Pate v. State, 72 Fla. 97; 72 South. Rep. 517; Asher v. State, — Fla. —; 105 South. Rep. 140, decided at the June Term, 1925; Hall v. State, decided December 4th, 1925.

The evidence disclosed by this record is deficient in that it does not sufficiently identify the defendant as the person who fired the shot which killed the deceased. There is no direct evidence upon that point. The fact that defendant fired the fatal shot may be inferred only from other circumstances testified to, which although perhaps consistent with guilt, by no means exclude every other reasonable hypothesis.

Reversed for a new trial.

BROWN, C. J., AND WHITFIELD, ELLIS AND TERRELL, J. J., concur.

BUFORD, J., disqualified.