TOM CHASON v. STATE OF FLORIDA

4 So. (2nd) 691
Division A
Opinion Filed November 21, 1941

*J. Frank Adams,* and *Clyde Mayhall,* for Appellant;

*J. Tom Watson,* Attorney General, *Sidney L. Segall,* Assistant Attorney General, and *Woodrow M. Melvin,* Special Assistant Attorney General, for Appellee.

BUFORD, J.—The appeal brings for review judgment of conviction of murder in the second degree.

The only contention presented by the appellant is that the evidence is insufficient to support the verdict and judgment.

The State relied entirely on circumstantial evidence. No good purpose can be served by setting out the evidence here. It is sufficient to say that where circumstantial evidence is sufficiently strong and cogent to exclude every reasonable hypothesis except the guilt of the accused the verdict and judgment of conviction will not be disturbed by the appellate court. McLaurin v. State, 137 Fla. 783, 188 Sou. 574; Bivens v. State, 69 Fla. 591, 68 Sou. 757. Circumstantial evidence may be relied upon for conviction of the most heinous crime. Lowe v. State, 90 Fla. 255, 105 Sou. 829; Davis v. State, 90 Fla. 816, 107 Sou. 245; McRae v. State, 62 Fla. 74, 57 Sou. 348. While it is incumbent upon the State to prove every element of the offense the proof may be by evidence of circumstances that are sufficient to support inference of the guilt of the offense found by the verdict. Folks v. State, 85 Fla. 238, 95 Sou. 619. Absolute metaphysical and demonstrative certainty is not essential to sufficient proof by circumstances in a prosecution for crime. Davis v. State, 90 Fla. 816, 107 Sou. 245; Lee v. State, 96 Fla. 59, 117 Sou. 699.

We find that the evidence in this case was not only consistent with the guilt of the defendant but, when taken as a whole was inconsistent with his innocence and was, therefore, sufficient to sustain the verdict and judgment. Parish v. State, 98 Fla. 877, 124 So. 444; Cannon v. State, 91 Fla. 214, 107 Sp. 360; Hall v. State, 90 Fla. 719, 107 Sp. 246; Asher v. State, 90 Fla. 75, 105 So. 140; Lee v. State, 96 Fla. 59, 117 So. 699; Davis v. State, 90 Fla. 816, 107 So. 245; Smith v.

State, 101 Fla. 162, 133 So. 873; Simmons v. State, 99 Fla. 1216, 128 So. 486; Kennedy v. State, 31 Fla. 428, 12 So. 858; Gantling v. State, 40 Fla. 237, 23 So. 857; Pate v. State, 72 Fla. 97, 72 So. 517; Whetston v. State, 31 Fla. 240, 12 So. 661.

The evidence here was sufficient to convince the jury to a moral certainty that the defendant in the court below, appellant here, killed the deceased in the manner alleged in the indictment.

On the whole record, no reversible error is disclosed. Therefore, the judgment should be affirmed.

So ordered.

Affirmed.

BROWN, C. J., WHITFIELD, and ADAMS, J. J. concur.