### JAMES E. HYMAN v. STATE OF FLORIDA

12 So. (2nd) 437                                    January Term, 1943
March 2, 1943                                        Division A
Rehearing Denied April 8, 1943

*J. E. Satterfield,* for appellant.

*J. Tom Watson,* Attorney General and *Woodrow M. Melvin,* Assistant Attorney General, for appellee.

ADAMS, J.:

This is an appeal from a judgment of conviction of manslaughter. The crime is alleged to have been committed by the culpable negligent operation of an automobile.

The State's case showed that defendant's car was meeting a motorcycle upon which deceased was riding and the car turned into the left lane of traffic and collided with the motorcycle causing the death of the rider of the motorcycle.

The conviction is challenged because the evidence is insufficient to prove, first, that defendant was the driver of the car and second, that the driver of the car was guilty of culpable negligence.

While the evidence of defendant's identity, as the driver of the car, is largely circumstantial, we are satisfied that the jury was justified in its conclusion. See Bivens v. State, 69 Fla. 591, 68 So. 757; McLaren v. State, 137 Fla. 783, 188 So. 574; Chason v. State, 148 Fla. 540, 4 So. (2nd) 691.

There was ample evidence to show that defendant was guilty of culpable negligence in the operation of his car. The defendant took the stand and testified that he had several drinks before the accident and considered himself too intoxicated to drive and secured one Anderson to drive; and that Anderson was driving when the fatal collision occurred.

The jury had ample evidence that defendant, not Anderson, was driving. Defendant says he does not know about the collision; the first he remembers about it was some time afterward when an officer found him at the rear of the wrecked car. Defendant admitted he had fallen asleep before the collision. Virtually his whole defense then turns on whether he was the driver of the car.

It is urged that there was reversible error in the cross examination of defendant relative to previous convictions of driving while drunk. This line of questions started with a proper question by the State, i.e., "Have you ever been convicted of a criminal offense, Mr. Hyman?" To which the defendant invitingly replied by asking, "What do you term a criminal offense?" Thereupon the next question was, "Driving while drunk?" Defendant answered in the affirmative and then the matter was pursued at length and in detail revealing three such convictions and only recently had defendant had his driving license restored. All of this examination was made without objection or timely motion to strike.

We also have before us a request to supplement the record to show alleged improper argument of the state attorney. We have duly considered the suggestion with other questions

448

argued and find no reversible error in the record and the judgment is affirmed.

Affirmed.

BUFORD, C. J., TERRELL, and CHAPMAN, JJ., concur.