SHANNON, Chief Judge.
The appellant was tried by a jury and convicted of making a false bomb report contrary to the provisions of Sec. 790.163, Fla.Stat.1959, F.S.A. Appellant was adjudged guilty by the court, motion for new trial was denied, and he was sentenced to a two year prison term.
On Tuesday, October 11, 1960, the principal of the Sulphur Springs Junior High School in Tampa received a telephone call from a person, whose identity was unknown to him, reporting that a bomb was planted in the school. Previously, on the same day, one of the students of the school had informed the principal that such a call was going to be made. The appellant was subsequently informed against for having made the telephone call contrary to the statute.
It appears from the record that on the morning of October 11, 1960, the appellant, his brother, and three other teenage boys met at a grocery store in Sulphur Springs. There, the brother of the appellant proposed to the other boys that if they would contribute the sum of one dollar among them, the appellant, in return for the one dollar would make a “bomb scare” telephone call designed, according to the testimony of one of the boys, to “get us all out of school.” Each of the three boys contributing money toward this scheme was a student at Sulphur Springs Junior High School. Two of them testified that they paid the contribution to appellant’s brother and the third stated that his was paid directly to the appellant. One of these witnesses testified that each of the three of them was in school on the day in question at the time the call was made.
*162 The testimony of the appellant reflects that he attended the aforedescribed meeting but that he did not state he would make the bomb scare call to the school. Appellant testified that he was a party to the plan to make the telephone call but that he really intended to use the collected money for transportation to and from the downtown Tampa Army Recruiting Office. Nevertheless, the appellant admitting having received the money.
Both the appellant and his father testified that the former was at home watching television during the period of time in which the telephone call in question was made. The father stated that appellant was never out of his sight during this time and that he made no telephone calls.
In addition to the testimony of the school’s principal that he had been forewarned by one of his students of the impending call, he further testified that he could only discern the voice of the caller to be that of a male person, although he did state that the previous informant was in school at the time the call was placed.
Appellant presents us with two points on appeal, both of which challenge the sufficiency of the evidence to sustain his conviction. In his first point, appellant urges that such evidence was insufficient to establish the elements of the offense charged beyond every reasonable doubt. Secondly, appellant asserts that the State relied on circumstantial evidence insufficiently strong and cogent as to exclude every reasonable hypothesis except his guilt.
Sec. 790.163, Fla.Stat., F.S.A., was enacted into law by the 1959 Florida Legislature. Sec. 3, Ch. 59-29, Laws of Florida. It reads as follows:
“It shall be unlawful for any person to make a false report, with intent to deceive, mislead, or otherwise misinform any person, concerning the placing or planting of any bomb, dynamite, or other deadly explosive and any person convicted thereof shall be guilty of a felony and punished by imprisonment in the state penitentiary for not more than ten (10) years.”
The first two sections of Ch. 59-29, supra, which appear as Secs. 790.161 and 790.162, Fla.Stat. 1959, F.S.A., concern throwing, placing or discharging bombs or other deadly explosives; attempts to do so; and threats so to do. The legislature has designated these offenses as felonies and prescribed the punishment therefor. Neither of the parties to this appeal has cited us a case decided under Sec. 790.163, supra, and our independent research has likewise failed to disclose such decision.
A consideration of the above quoted statute clearly reflects that a report of the variety denounced therein must be made and that such report must be false. It is thus clear, when this section is considered in conjunction with the two which precede it, that the legislature intended to make punishable as a felony the type of hoax which has come to be known as the “bomb scare.” The appellant herein attacks the evidence adduced below concerning the falsity of the report received by the school principal. This attack is based primarily on the testimony that the school building was not evacuated and searched after the telephone call reporting the planting of a bomb therein was received. The record reveals, however, that the principal of the school was notified of the imminence of the call, and that no explosion occurred subsequent to the report. There was, therefore, sufficient evidence before the jury from which they could conclude beyond a reasonable doubt that the report was made and that it was, in fact, false.
The next elemental requirement of the statute is that there be shown specific intent to deceive, mislead, or otherwise misinform. The testimony of the three persons who collaborated with the appellant and his brother in the planning stages of this venture shows generally that the purpose of the *163 call was to enable them to be dismissed from school earlier than ordinarily they would. The appellant himself testified that some one of the group stated that such a call would be placed. The testimony further indicates reference by these boys to the telephone call as a “bomb scare.” We have no difficulty, therefore, in holding that the jury was justified in finding that the call was made “ * * * with intent to deceive, mislead, or otherwise misinform any person, concerning the placing or planting of any bomb, * * See Simpson v. State, 1921, 81 Fla. 292, 87 So. 920.
 As alluded to earlier, the appellant interposed an alibi and sought to prove it by his own testimony and that of his father. We are well aware that it is upon the credibility of the alibi witnesses and the weight of the evidence that the proof thereof depends, and that the jury is the sole judge as to whether such testimony raises a reasonable doubt that the accused could have committed the offense. See Jones v. State, Fla.App.1961, 128 So.2d 754; Flowers v. State, 1943, 152 Fla. 649, 12 So.2d 772; Hamp v. State, 1937, 130 Fla. 801, 178 So. 833; and 9 Fla.Jur., Criminal Law, Sec. 178. Apparently, in the instant case, the jury gave no credence to the testimony as to the alibi and this court is not authorized to disturb the verdict in this regard. See Kennedy v. State, 1943, 153 Fla. 863, 16 So.2d 45; and Johnston v. State, 1937, 127 Fla. 100, 172 So. 708.
Although the evidence of the appellant’s identity as the person who committed the offense in this case is circumstantial in nature, this court is of the opinion that the jury was justified in its conclusion. See Hyman v. State, 1943, 152 Fla. 446, 12 So.2d 437.
We have carefully considered the entire record before us in the instant case and find no reversible error therein. The judgment, therefore, is affirmed.
SMITH and WHITE, JJ., concur.