145 So.2d 492 (1962)
Robert SOLOMON, Appellant,
v.
STATE of Florida, Appellee.
No. 3046.
District Court of Appeal of Florida. Second District.
October 10, 1962.
Jack Champlin of Carlton, Champlin & McCown, Tampa, for appellant.
Richard W. Ervin, Atty. Gen., Robert R. Crittenden, Asst. Atty. Gen., Lakeland, for appellee.
WHITE, Judge.
Robert Solomon appeals his conviction of grand larceny. It would serve no good purpose to detail the facts of the case. In essence the defendant challenges the sufficiency of the evidence to establish the elements of the offense charged, and he also protests several of the trial court's instructions to the jury. A comprehensive review of the record discloses that these contentions are without merit.
It is urged that insufficient weight was given to the testimony of alibi witnesses. The jury, however, is proper judge as to whether the testimony of alibi witnesses raises a reasonable doubt that the accused could have committed the offense. Grizzard v. State, Fla.App. 1962, 139 So.2d 161, 163; Jones v. State, Fla.App. 1961, 128 So.2d 754.
Defendant further insists that the evidence as a whole was not sufficient to *493 establish his guilt beyond a reasonable doubt to the exclusion of every other reasonable hypothesis. Although some of the evidence was circumstantial in nature and there were evidentiary conflicts, there was direct evidence of defendant's possession of the subject property and we are of the opinion that the conclusion reached by the jury was within its prerogative. See Grizzard v. State, supra; Hyman v. State, 1943, 152 Fla. 446, 12 So.2d 437.
It is submitted that the trial court erred in charging the jury that a larcenous intent could be inferred from recent exclusive possession by the defendant. We have examined the entire instruction and find it to be a standard and proper charge on this point. Where possession of stolen property is fairly recent, exclusive and unexplained or unsatisfactorily explained, such circumstances raise a presumption that the possessor was the thief. See Cone v. State, Fla. 1953, 69 So.2d 175. Such unexplained possession coupled with management of the stolen property gives rise to an inference or rebuttable presumption of larcenous intent and may be considered by the jury.
With reference to other instructions to the jury these in the main were attacked merely by "general exception to the instructions * * *". Cf. Ward v. State, 1936, 123 Fla. 248, 168 So. 397; 2 Fla.Jur., Appeals, § 80. An appellate court generally will not reverse because a particular charge may be limited or repetitious where the aggregate charges are not misleading but are, on the whole, fair and correct. Such is the situation here. The defendant's fifth point on appeal was not objected to nor covered by assignment of error. The defendant on his appeal has demonstrated no reversible error. The record reveals an essentially fair trial.
Affirmed.
ALLEN, Acting C.J., and SMITH, J., concur.