WALDEN, JAMES H., Associate Judge.
There was a breaking and entering of two ladies apparel stores in Lakeland, Florida, and many items were stolen. As an aftermath, two separate informations and then an amended information were filed charging appellant with the offense of receiving stolen goods. Tried by jury, she was found and adjudged guilty on both counts and was duly sentenced to two consecutive one year terms. She appeals.
Appellant’s main challenge is addressed to the sufficiency of the circumstantial evidence by which she was convicted. We have reviewed the record — no useful purpose would be served by delineating the facts — and upon consideration of the briefs and arguments in the light of the principles provided in the case of Chason v. State, 148 Fla. 540, 4 So.2d 691, which were lately *240 employed by this Court in the case of Pacetti v. State, Fla.App., 157 So.2d 445, we are of the opinion that the circumstantial evidence here was adequate both as to quality and quantity.
Appellant complains that there was no connection shown between her and certain items of apparel which were received in evidence. This assertion or position is amply refuted by the record and in particular by the testimony of the witness, Snow Martin, Jr., whose recital formed a satisfactory predicate for the receipt of the items into evidence for consideration by the jury.
Appellant’s proffer of a letter or its contents into evidence was refused and she raises this as a point on her appeal. The letter was written by appellant’s daughter to a third person and its contents tended to corroborate certain testimony given by appellant and, without question, its contents were favorable both to appellant and to the daughter. The daughter was available to testify but was not called and thus the State would have been deprived of the right to cross examine her as to the letter had the trial judge ruled differently. The daughter was also at the time under a charge of receiving stolen goods and was to be tried separately at another time. This offer was in clear violation of the hearsay rule. For a discussion of it, see 13 Fla. Jur., Evidence, §§ 208, 209 and 210. Our attention has not been directed to any exception to this rule which would be applicable under the circumstance.
Finally, appellant’s counsel was interrogating a witness for the State and the stated thrust and purpose of his question series was to elicit all the conversations, verbatim, had between the witness and the appellant. Some of the questions antecedent to the response complained of are extracted and here set forth:
“Q. Go ahead and relate to the jury the conversation you had with Mrs. Belle, on that occasion.
******
“Q. All right, relate the conversation.
* * * * * *
“Q. Captain Hardin, let’s get to the meat of the coconut. What did she tell you?
******
“Q. Get to the substance of the conversation.
******
“Q. All right, sir. As near as you can recollect, use her words and her conversation.
* 3|i * * * * ”
The witness gave a narrative response and was saying:
“A. She did not get the license number of it, or any' other description; that she and her son had looked quite often to see if they could recognize this car and find it.
I also told her would she want us to canvass the neighborhood to see if anyone else had seen this car or these two women.
She said yes that would be fine. There was also mentioned to her about a lie detector test.”
Upon mention of “lie detector test,” appellant’s counsel interrupted the witness and moved for a mistrial, which motion was denied. Thereafter the trial judge carefully instructed and cautioned the jury to disregard and we feel, under the circumstances, that the objectionable matter was satisfactorily erased or negated. We note that the mention was elicited by appellant and not the State and there is no reason of record to find that the appellant was the victim of design on the part of the State or to think that the witness was doing other than making an honest effort to answer a pending question posed by appellant. We are also of the opinion that the particular *241 reference was casual and without particular meaning or harm to the accused.
Our consideration of the case has disclosed no reason for disturbing the judgment of the trial court.
Affirmed.
SHANNON, A. C. J., and WHITE, J., concur.