PER CURIAM.
The appellant, James Fulton Jack, was found guilty by a jury of breaking and entering a dwelling house with intent to commit grand larceny, grand larceny and aggravated assault.
*297 On appeal, from the judgments, appellant complains of the sufficiency of the evidence to establish his identification as the perpetrator of the crime, and contends that the trial court erred in sustaining objections to questions concerning the knowledge of his friends as to where he kept the keys to a car, thereby denying him an opportunity to present a defense.
The evidence of identification was conflicting, but was sufficiently competent and substantial for the jury to determine and believe that the defendant was in fact the perpetrator of the crime committed. In Lee v. State, Fla.App.1963, 153 So.2d 351, it was said:
“It is next contended that the evidence is not sufficient to establish beyond a reasonable doubt that appellant is guilty of the offense with which he is charged. The issue as framed by appellant’s point on appeal is one which may be decided only by the trial jury. Once this issue has been resolved against defendant by the rendition of a verdict of guilty, the sole authority of an appellate court is to review the record for the purpose of determining whether it contains sufficient competent substantial evidence which, if believed, will support the verdict. Although the evidence as revealed by this record is conflicting in many instances, the credibility of the witnesses and the weight to be given the evidence were questions for decision only by the jury. * * *»
The following questions were asked of the appellant at the trial:
******
“Q Do a lot of your friends know where you keep the keys ?
[COUNSEL]: Objection, leading and suggestive.
THE COURT: Sustained.
“Q Have any of your friends ever had an opportunity to see where you leave the keys when you leave the vehicle ?
[COUNSEL] : Leading and suggestive.
THE COURT: Sustained.”
 The appellant contends that these rulings deprived him of the opportunity to present a defense to the crime charged. The objections went to the form of the question and not to the response sought to be elicited. There was no attempt to rephrase the questions in a proper manner. The court’s ruling as to the leading and suggestive form of the questions was correct and appellant was not denied an opportunity by the trial court to present a defense to the crime charged.
The judgment and decision of the trial court is therefore
Affirmed.