PER CURIAM.
This is an appeal by the defendant, Sidney Donald Fast, from a judgment and sentence following a jury trial and conviction of assault with intent to commit robbery.
The defendant contends that the evidence is insufficient to support the judgment. The defendant also contends that the trial judge erred in his charge to the jury on the defense of alibi and that remarks by the prosecuting attorney during summation constituted reversible error.
At approximately 1:15 P.M. on September 10, 1965 two men entered a Public Supermarket in North Miami Beach and proceeded to an office wherein the assistant head cashier was working. When the cashier turned to address the men, she was shot. The cashier identified the defendant as the man who shot her. She heard the defendant say, “Where’s the money?” She testified that he was no more than one or two feet away from her and that she “looked him right in the eye.” She positively iden *211 tified the defendant as her assailant from photographs, in line-ups and at trial.
The cashier’s call for help was heard throughout the supermarket since she had a microphone in her hand. A shopper testified that she saw the defendant come out from behind the cashier’s cage with a gun in his hand. She got a good look at his face and watched as he left the store and got into a car. Another shopper testified that he saw the defendant coming from the office with a gun in his hand. He identified the defendant from photographs, in a line-up and at trial. An employee of the store stated that he heard the cashier call his name, asking for help. As he looked up, the defendant came towards him with a gun and told him to stand where he was. This employee got a good look at defendant’s face and positively identified him in a line-up and at trial.
A witness testified that on the night of September 10, 1965 he was in a bar in Miami and recognized the defendant. He heard the defendant say to his companion, “get rid of the guns and make sure you bury the .45. Don’t worry about the Comet. It has been taken care of.”
The bullet which struck the cashier was a .45 caliber. A store employee had testified that he saw one of the men, not the defendant, get into a car which was described as a gold Comet, 1962 or ’63 model. A stolen gold Comet was later recovered about eight blocks from the store.
The defendant presented witnesses who testified that he was installing cabinets at a building project on September 10, 1965. The defendant’s father testified he saw his son on the project at 1:00 P.M. Other witnesses placed him on the project at 12:30' P.M. and again at 2:00 P.M. (it takes approximately twenty-eight minutes to drive from the project to the store.) These witnesses testified that the defendant had a beard on the day in question, while the state’s witnesses testified only that he badly needed a shave.
Credibility of the witnesses and the weight to be given the evidence were questions for decision only by the jury.[1] “The jury * * * is proper judge as to whether the testimony of alibi witnesses raises a reasonable doubt that the accused' could have committed the offense.”[2]
By its verdict of guilty, the jury resolved this issue against the defendant and the evidence is sufficiently competent and substantial to support the verdict.[3]
The record reflects that no objection was made to those remarks alleged to^ be improper, nor a request that the jury be instructed to disregard them. A verdict will not be set aside because of such remarks made without objection at the time of their utterance unless they “are so obviously prejudicial and of such a character ‘that neither rebuke nor retraction may entirely destroy their sinister influence’ ”.[4]
 We have not been shown that the remarks alleged to be improper are so obviously prejudicial as to require reversal. Nor has error been shown in the court’s instruction to the jury on the defense of alibi.
Having found no reversible error the judgment appealed is affirmed.
Affirmed.

. Flowers v. State, 152 Fla. 649, 12 So.2d 772 (1942); Lee v. State, Fla.App.1963, 153 So.2d 351.

. Solomon, v. State, Fla.App.1962, 145 So.2d 492; Grizzard v. State, Fla.App.1962, 139 So.2d 161, 163, 93 A.L.R.2d 300; Jones v. State, Fla.App.1961, 128 So.2d 754.

. Jack v. State, Fla.App.1966, 183 So.2d 296.

. Henderson v. State, 94 Fla. 318, 113 So. 689, 696 (1927); Rogers v. State, 158 Fla. 582, 30 So.2d 625 (1947).