BARKDULL, Judge.
Appellant seeks review of his conviction and sentence, entered by the trial court pursuant to a jury verdict finding him guilty of the crime of robbery.
*38 Upon judicial review of the record on appeal, at this stage of the proceedings the evidence and all reasonable inferences therefrom are entitled to be reviewed in a light most favorable to the verdict. See: Crum v. State, Fla.App.1965, 172 So.2d 24; Walden v. State, Fla.App. 1966, 191 So.2d 68.
Examining the record on appeal in light of these principles, the following is found: On September 10, 1966 at approximately 5 :00 o’clock P.M., the Anstine Realty office was robbed by two men. Shortly thereafter the appellant and a companion were stopped by the Miami Shores police while they were walking east on N.E. 90th Street, near the location of the robbery. When they were stopped, and before the police announced their authority, the appellant’s companion threw his hands in the air and stated: “Don’t shoot, I won’t give you any trouble”. Upon the police announcing their authority, the appellant ran. Upon searching the companion, the police found certain items taken in the robbery. Both men were charged by information with robbery, to which they pleaded not guilty. At the time of trial, the companion waived jury trial and the court proceeded with the jury trial of the appellant. During the trial, the victim was unable to identify the appellant as one of the two men who committed the robbery, but did identify the companion as one of the perpetrators of the crime. Other witnesses identified the appellant as being in the company of the one identified, both shortly before and after the robbery, and identified him as leaving the premises at the time of the robbery.
The appellant urges that the trial court erred in admitting into evidence collateral facts relating to his companion; that the evidence was insufficient to support the verdict; and that the prosecutor made improper, prejudicial remarks in closing argument. We find no error and affirm.
As to the introduction of the evidence relating to the co-perpetrator of the crime, this was' admissible. See: Green v. State, 40 Fla. 191, 23 So. 851; Sons v. State, Fla.App.1958, 99 So.2d 888; Chaudoin v. State, Fla.App.1960, 118 So.2d 569. Eye witnesses placed the defendant at the scene of the crime at the time the crime was committed and with one who was identified as a co-perpetrator of the crime. Shortly after the crime was committed, the defendant was apprehended in the vicinity of the area wherein the crime was committed. At the time of his apprehension, he fled and the person in whose company he was found was possessed of the goods taken in the robbery. There appears to be sufficient evidence in the record and all reasonable inferences therefrom to support the conviction. See: Green v. State, supra; Dewey v. State, 135 Fla. 443, 186 So. 224; Chason v. State, 148 Fla. 540, 4 So.2d 691; Daniels v. State, Fla.1959, 108 So.2d 755; Mackiewicz v. State, Fla.1959, 114 So.2d 684; Chaudoin v. State, supra; 13 Fla.Jur., Evidence, § 417.
No error is shown in the prosecutor’s remarks. The complete transcript is not before us; no record has been reconstructed; and the appellant failed to show that counsel for the defense made appropriate objection or request for instruction during the trial. See: Mendez v. State, Fla. 1949, 39 So.2d 468; Winnemore v. State, Fla.App.1963, 150 So.2d 277; Peel v. State, Fla.App.1963, 154 So.2d 910.
Therefore, for the reasons above stated, the conviction, judgment and sentence is hereby affirmed.
Affirmed.