**Henry Clyde WARREN, Petitioner-Appellant,**

v.

**William E. DAVIS, as Sheriff of Escambia County, Florida, Respondent-Appellee.**

No. 27253

Summary Calendar.

United States Court of Appeals
Fifth Circuit.

July 18, 1969.

---

Henry Clay Mitchell, Jr., Joe J. Harrell, Pensacola, Fla., for petitioner-appellant.

Earl Faircloth, Atty. Gen., of Florida, George R. Georgieff, Asst. Atty. Gen., Tallahassee, Fla., for respondent-appellee.

Before JOHN R. BROWN, Chief Judge, and THORNBERRY and MORGAN, Circuit Judges. .

PER CURIAM:

█ Pursuant to new Rule 18 of the Rules of this court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir., 1969, 409 F.2d 804, Part I.

Appellant Warren, convicted by the Florida state courts [1] for driving his vehicle while intoxicated, contends error by the federal district court in denying his petition for writ of habeas corpus.

The sole error asserted by Warren is the state prosecutor's failure to disclose evidence of a deputy sheriff which evidence he contends would have thrown light upon his sobriety and physical condition to the jury which convicted him in the state court, thus depriving him of a fair trial in violation of due process of the Fourteenth Amendment.

A perusal of the record indicates that this witness, Deputy Sheriff Hess, was present at defendant's trial, but was not called to testify by the prosecuting attorney. The record reveals that this witness would have testified that he did not see the defendant Warren until at least four hours after the arrest by the Florida patrolman and, at that later time, the deputy would have testified that appellant was behaving abnormally but, at this later time, Deputy Hess did not smell alcohol on appellant's breath. There were other witnesses (two female occupants of Warren's automobile) who testified that defendant was not so under the influence of alcohol as to be unable to operate the vehicle involved. However, there was firsthand testimony offered by the state that appellant was intoxicated at the time of his arrest, and the jury accepted the state's version.

█ Warren calls upon this court's decision of Jackson v. Wainwright, 390 F.2d 288 (1968), in which this court held that the prosecutor's failure to disclose beneficial evidence violated the duty of candor imposed upon the prosecutor in dealing with a criminal accused. However, *Jackson* affords appellant no relief here. In *Jackson* this court properly reversed a capital rape conviction because the only alleged eyewitness to that crime, whose testimony was at least questionable as to the identity of the assailant, was not made known to the defense and would have been beneficial. Here the testimony of Deputy Sheriff Hess concerning defendant's sobriety four hours after the arrest would have lent no aid or comfort to appellant concerning his condition at the time of arrest.

The judgment of the District Court denying the petition for writ of habeas corpus is

Affirmed.

---

1. The defendant was found guilty of driving while intoxicated in a Court of Record of Escambia County, Florida. Defendant's appeal from the judgment of conviction was denied by the District Court of Appeal, First District for the State of Florida. The Supreme Court of Florida denied the petition for writ of certiorari.