George CONYERS, Petitioner,

v.

L. L. WAINWRIGHT, Director, Division of Corrections, Respondent.

No. 69-455-Civ-CA.

United States District Court,
S. D. Florida,
Miami Division.

Feb. 27, 1970.

George E. Orr, of Walton, Lantaff, Schroeder, Carson & Wahl, Miami, Fla., for petitioner.

Earl Faircloth, Atty. Gen., State of Florida, and Harold Mendelow and Melvin Grossman, Asst. Attys. Gen., Miami, Fla., for respondent.

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

ATKINS, District Judge.

This cause is before the Court on the Petition for Writ of Habeas Corpus filed by George Conyers. This Court has held evidentiary hearings on July 10, 1969 and October 14, 1969, heard final arguments on November 21, 1969, received extensive briefs and is otherwise fully informed in the premises.

Petitioner has raised several grounds for relief. Without specifically ruling on all of the grounds the Court attempted to narrow inquiry into but one area by order dated October 8, 1969. Although petitioner has severely refined his allegations, the only grounds which purport to have any substantial merit revolve around the behavior of the prosecutors at the trial. All of the others are either lacking in merit or have not been presented to the state courts for their consideration.

■ Petitioner complains of perjured testimony. The evidence presented is totally deficient in showing any of the elements necessary for relief. Jackson v. U. S., 258 F.Supp. 175 (N.D.Tex.1966). The trial transcript itself demonstrates that the discrepancies pointed out by petitioner are nothing more than slight irregularities in testimony between witnesses.

■ The admission of petitioner's confession into evidence, even if only partially read to the jury, cannot be construed as error. Petitioner admitted that it was his statement. It corroborated petitioner's version of the homicide much like a prior consistent statement. If any impression was created in the mind of the jury it could only have been that petitioner was cooperative with the police, thus enhancing his credibility.

■ The failure of the state court to report the final arguments does not rise to a constitutional plane. Linebarger v. Oklahoma, 275 F.Supp. 79 (N.D.Okl. 1967); Keener v. Tennessee, 281 F. Supp. 964 (E.D.Tenn.1968).

No evidence has been presented on the contention that material evidence was withheld from the Grand Jury. It must be dismissed as abandoned and without merit.

Petitioner complains of the refusal of the state courts to provide him with a transcript. He now has one as well as very able and diligent court appointed counsel. By failing to show prejudice this contention becomes moot.

■■ The denial by the trial judge of trial counsel's attempt to cross-examine certain prosecution witnesses presents no constitutional issue. Habeas corpus cannot be used to attack collateral rulings by trial judges unless a strong showing is made that the petitioner was denied a fair trial thereby. United States ex rel. Santiago v. Follette, 298 F.Supp. 973 (S.D.N.Y.1969); Crisafi v. Oliver, 396 F.2d 293 (9th Cir.1968). Viewing the case as a whole these rul-

ings could not have had a noticeable effect upon the outcome of the trial.

■ Petitioner's court-appointed counsel has raised two additional issues which have not been presented to the state courts. The challenge raised against the jury composition on the basis of Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 176 (1968), is easily met by Bumper v. North Carolina, 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797 (1968) which makes *Witherspoon* inapplicable because petitioner was sentenced only to life imprisonment. The issue of the defense counsel finding it impossible to exclude from the jury the man who became foreman because he had used up all his challenges should first be presented to the state courts.

The challenge brought against the selection process of the Dade County (Florida) Grand Jury is very well expressed by counsel. However, this question should also be presented to the state courts for their consideration before the federal courts take jurisdiction.

■ The remainder of the contentions center around the question of whether petitioner was denied due process by the failure of the prosecutors to afford him a fundamentally fair trial. Petitioner has the burden of proof to establish sufficient facts to warrant a finding of denial of constitutional rights. Tyler v. Beto, 391 F.2d 993 (5th Cir.1968). Where suppression of evidence and perjured testimony are alleged, petitioner must carry the burden by a preponderance of the evidence. Cook v. Wainwright, 402 F.2d 294 (5th Cir.1968). In looking for a denial of due process, inquiry is directed to a review of the entire proceedings and not just each step and part thereof. Application of Stecker, 271 F.Supp. 406 (D. N.J.1966).

As pointed out in the Order of October 8, 1969 five of petitioner's contentions concern the hospital records and their showing the treatment given petitioner shortly after his arrest. The evidence discloses nothing more than a voluntary exercise of trial strategy by counsel. Zerschausky v. Beto, 396 F.2d 356 (5th Cir.1968). The evidence herein involved is not alibi evidence or anything approaching that level of significance. Cowens v. Wainwright, 373 F.2d 34 (5th Cir.1966.) At best, the hospital records would only have gone to petitioner's credibility. There is nothing in either the records themselves or the testimony before this Court of Sgt. Marvez that would reasonably pinpoint the time at which petitioner sustained the injuries. The records would have verified petitioner's testimony to the extent that he was taken to the hospital but could not show whether the injuries were sustained during the scuffle with Eleanor Stanfill, during the scuffle with the deceased, Pops, at his birthday party the same day, or at some earlier time.

■ The trial strategy employed by defense counsel was to offer only the testimony of the defendant himself in order to gain the right to closing final argument pursuant to Florida Statutes Section 918.09 (1965), F.S.A. Under the circumstances, this cannot be termed ineffective assistance of counsel.

Petitioner alleges that the hospital records were suppressed by the state or alternatively that the jury was misled by the prosecutor's comments about the records in their closing argument. Napue v. Illinois, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959); Miller v. Pate, 386 U.S. 1, 87 S.Ct. 785, 17 L.Ed. 2d 690 (1967).

The Court finds that the prosecutors had no knowledge of the existence of these records. The only people having knowledge were those connected with the Sheriff's Department. While still a branch of the state, the Sheriff here was merely the jailkeeper and had nothing to do with the prosecution of the case. Barbee v. Maryland, 331 F.2d 842 (4th Cir.1964); Smith v. Florida, 410 F.2d 1349 (5th Cir.1969). It is not necessary to decide whether the prosecutors should have known of the records be-

cause the facts of this case do not establish any suppression. First, the hospital records can in no way be considered exculpatory. Warren v. Davis, 412 F.2d 746 (5th Cir.1969). Second, the record shows that both the petitioner and his trial counsel knew of the existence of the records. It cannot be said that the records were suppressed. Morris v. Beto, 376 F.2d 845 (5th Cir.1967).

██ Certainly there was no burden on the prosecutor to discover this evidence and either put it on as his own case or make the records and supporting witnesses available at trial for defense counsel. No allegation is made that petitioner was denied his right to compulsory process for attendance of witnesses. Keener v. Tennessee, 281 F.Supp. 964 (E.D.Tenn.1968). Once the evidence is made known to defense counsel the prosecutors' burden is eliminated.

██ In their final arguments both the prosecutors referred to the failure of defense counsel to introduce the medical records and to call supporting witnesses. A prosecutor owes a high duty to the accused to accord him fairness and equal justice. Handford v. United States, 249 F.2d 295 (5 Cir., 1957); Levin v. Clark, 408 F.2d 1209 (D.C.Cir. 1967). However, reviewing courts must view with a liberal eye the closing argument of a prosecutor who might argue zealously.

██ Although the prosecutors might have been exceptionally forceful in both their words and their actions (pointing a finger) petitioner was not prejudiced thereby. The Court is convinced beyond a reasonable doubt that in no way could this argument have contributed to Petitioner's conviction. Rosenthal v. Henderson, 389 F.2d 514 (6th Cir. 1968); Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). A habeas court must apply the federal standard of harmless error. Wilson v. Anderson, 379 F.2d 330 (9th Cir. 1967). The prosecution had clearly presented substantial direct evidence not only by the eye-witness, Eleanor Stan-

fill, but also by men who were downstairs in the pool room. On page 189 of the trial transcript Jim Harris testified that petitioner said "Pops done him wrong; he is going to kill him." This is clearly competent evidence that is rebutted only by petitioner's testimony.

Assuming arguendo that the behavior was not harmless error, it was necessary to rebut the very capable and appealing argument of counsel. Counsel adequately explained the reason why he declined to introduce the hospital records. However, he went further. By arguing as if the records were in evidence, counsel put the records before the jury and still retained his closing argument. The prosecutors had every right to point out to the jury that the records were not in evidence, the defense could have put them into evidence, and that counsel made a strategic choice to gain his closing argument. Hayes v. United States, 407 F.2d 189 (5th Cir. 1969). Permissible bounds of argument were not exceeded considering that the defense counsel opened the door to all of the contested argument. Any comments about the belief of the prosecutor as to the relative credibility of the witnesses also was permissible.

The evidence does not establish that there was any attempt by the prosecutors to misrepresent the existence of the hospital records and the witnesses claimed by petitioner to be in existence. No showing is made that the jury was or could have been misled into believing that petitioner did not have the evidence he claimed to have. There could be little doubt in the jury's mind that trial counsel was exercising trial strategy.

██ Petitioner complains of one last irregularity. The question is whether petitioner was denied due process by the failure of the prosecution to stop interrogating petitioner about his prior criminal convictions after he had admitted to two prior convictions. Under both the Florida and federal practice it is improper to go further but it does not automatically dictate a new trial if it does happen.

The first attempt of the prosecutor to go more deeply into petitioner's prior convictions was cut off quickly by objection without any damaging information having been elicited. The second attempt on page 326 of the trial transcript proceeded without objection. The question asked could be construed as an attempt to show that the prior convictions were of a similar nature as the crime involved herein. However, the questions need not necessarily be construed in that manner. No prejudice was created by this cross-examination. Petitioner cannot be heard to complain since no timely objection was lodged and there is other sufficient evidence. Hyman v. State, 152 Fla. 446, 12 So.2d 437 (Fla.1943); Eaton v. U. S. 398 F.2d 485 (5th Cir. 1968), cert. den. 393 U.S. 937, 89 S.Ct. 299, 21 L.Ed.2d 273 (1968); Thompson v. U. S., 245 F.2d 232 (5th Cir. 1957).

It is the finding of this Court that, although the conduct of this trial is far from a model for future prosecutions, there was no single error or irregularity that justifies a new trial. Even when looked upon as a whole, it cannot be said that this trial fell short of the due process guarantee of a fundamentally fair trial. It should be reiterated that there was substantial competent evidence, not of a circumstantial nature, presented which went unimpeached and uncontradicted, except for the testimony of petitioner himself. It can now be seen that the medical records would have been of very little help to petitioner had they been admitted into evidence. They could be most effectively used exactly in the manner in which they were used; i. e., by argument without the jury ever seeing them or the prosecution having the opportunity of cross-examination. The conduct of the prosecution in this circumstance is not such as would dictate a new trial for petitioner. It is therefore ordered and adjudged that the Petition for Writ of Habeas Corpus filed by George Conyers be and the same hereby is denied.

The Court wishes to express its appreciation to George E. Orr, Esquire, for his diligent and conscientious representation of the petitioner in this cause.