294 So.2d 128 (1974)
Theodore BROWN, Appellant,
v.
The STATE of Florida, Appellee.
No. 73-793.
District Court of Appeal of Florida, Third District.
January 29, 1974.
On Rehearing May 15, 1974.
Phillip A. Hubbart, Public Defender, and Kathleen Gallagher, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., J. Robert Olian, Asst. Atty. Gen., and Gary Carman, Legal Intern, for appellee.
Before BARKDULL, C.J., and PEARSON and HAVERFIELD, JJ.
PER CURIAM.
The appellant was charged by information with two counts: grand larceny, and breaking and entering with intent to commit a felony. The matter was presented to the jury. At the conclusion of the State's case, the defendant made a motion for a directed verdict of acquittal which was denied. After an adverse verdict and adjudication of guilt, this appeal ensued and, among other points, the appellant urges that the trial judge erred in overruling his motion for a directed verdict.
By moving for a directed verdict of acquittal, the defendant admits all the facts in evidence and every reasonable conclusion *129 inferable therefrom in favor of the State. Lett v. State, Fla.App. 1965, 174 So.2d 568; Devlin v. State, Fla.App. 1965, 175 So.2d 82. Such a motion should not be granted unless it is apparent that no legally sufficient evidence has been submitted upon which a jury could find other than not guilty. Shifrin v. State, Fla.App. 1968, 210 So.2d 18; Starling v. State, Fla.App. 1972, 263 So.2d 645.
The reason given by the trial court for denying the defendant's motion for acquittal at the close of the trial was: "Motion Denied, I think it is a question of fact to be determined by the tryer in this case, the jury." It has been stated that the credibility of witnesses lies exclusively within the province of the jury, and an appellate court will not substitute its judgment of such matters for that of a jury, nor will it put its judgment against that of the jury in the determination of factual issues presented at trial. Loprince v. State, Fla.App. 1969, 218 So.2d 212, cert. denied, Fla. 1969, 225 So.2d 534.
The record on appeal reveals that Dolores Howard, the victim and owner of the Panasonic Color TV and console stereo, testified that she did not give anybody permission to take these items. Mrs. Howard arrived home from work around 4:00 P.M. or 5:00 P.M. When she got home from work no one but her family was present in the house. Later on that evening, she stated her children had carried the TV upstairs to Glenn's room (a son) to watch the Monday night football game. She went downstairs around 9:00 P.M. to 9:15 P.M. to tell another son, Tyrone, to make sure to go to work and also told him to get off her couch. This son then went upstairs to watch the TV. Mrs. Howard testified that around 10:00 P.M. or 10:30 P.M. her daughter, Joan, made her a cup of coffee and brought it upstairs to her. At that time, Mrs. Howard's testimony reveals, no one was in her house. She went on to say that up to the time when all her children went to bed she did not see any neighbors or friends in her house. Mrs. Howard testified that her daughter, Joan, went to bed around 12:00 or 12:30 A.M. At 3:30 A.M., Mrs. Howard testified that:
"I went downstairs myself to check the doors and they were locked and the shades was down. I never pulled the shades. I put my hand up under the window to push and see if it were locked. They were locked."
Both the front and the back doors of the house had chain-type door locks on them. Before Mrs. Howard fell asleep, she went into her son's room and cut off the TV. She states further:
"I cut off the TV and everyone was in that room, asleep excepting Barbara and Kenneth, they were in my bedroom."
Some time later, Mrs. Howard showered, dressed, and noticed that her phone was dead. She went down the steps, saw that both the front and back doors were open and that the chains were off. She immediately noticed that her console stereo was missing, and the pot of flowers, and the two ash trays were no longer on the stereo, but were now on the floor. She then discovered that the TV was missing from the upstairs bedroom.
Mrs. Howard's testimony reveals that she did not give anybody permission to take these items [the console stereo and TV] and positively stated that the defendant and defense witness, Joyce Cline, were not in her house earlier that evening. From the above testimony, it can be established that the defendant was not and did not have permission to be inside the Howard home. However, the evidence produced by the State demonstrates that the Howard home had been broken into and the console stereo and TV had been removed.
An officer of the Dade County Public Safety Department testified that on the morning of November 7, 1972, the day of the breaking and entry, he lifted latent fingerprints from an ashtray in the living *130 room of the Howard home. A fingerprint technician with the Public Safety Department was able to identify the latent print with the number 2 finger of the defendant, Theodore Brown. The officer stated that the fingerprint was fresh and that he was positive beyond any question that the latent print belonged to the defendant.
The State submitted testimony as to the cost of the chattels stolen and the owner of these chattels testified to their value, obviously based upon their price, which was considerably in excess of $100.00. In this posture of the record, we find that the trial court was amply justified in denying the motion for directed verdict of acquittal. See: Chason v. State, 148 Fla. 540, 4 So.2d 691; Devlin v. State, Fla. App. 1965, 175 So.2d 82; Starling v. State, Fla.App. 1972, 263 So.2d 645; Roberts v. State, Fla.App. 1972, 268 So.2d 578.
We have examined the other points urged for reversal and find them to be without merit. See: Wright v. State, Fla.App. 1971, 251 So.2d 890.
Therefore, for the reasons above stated, the final judgment of conviction be and the same is hereby affirmed.
Affirmed.
PEARSON, Judge (dissenting).
I would reverse the conviction because of the insufficiency of the circumstantial evidence to convict. See Chason v. State, 148 Fla. 540, 4 So.2d 691 (1941); Ivey v. State, Fla.App. 1965, 176 So.2d 611; Tirko v. State, Fla.App. 1962, 138 So.2d 388.

ON REHEARING GRANTED
PER CURIAM.
We granted a rehearing in this case to consider a recent opinion of the Supreme Court of Florida, reported as Guerrero v. State, Fla. 1974, 289 So.2d 396, and the opinion of the Second District Court of Appeal in Platt v. State, Fla.App. 1974, 291 So.2d 96.
Following review of the aforesaid opinions and the record on this case, the petition for rehearing be and the same is hereby granted as to so much of our opinion, dated January 29, 1974, which affirmed the convictions of grand larceny and breaking and entering with intent to commit grand larceny. Accordingly, judgment and sentence as to the grand larceny is set aside, and the judgment and sentence as to the breaking and entering with intent to commit grand larceny is set aside, with directions to the trial court to enter a judgment of conviction on petit larceny and breaking and entering with intent to commit petit larceny and that, after the entry of said judgments, the trial court shall enter sentence accordingly.