Cecil Alvin **PECE**, Appellant,

v.

Harold A. **COX**, Warden, New Mexico State Penitentiary, Appellee.

No. 8105.

United States Court of Appeals Tenth Circuit.

Dec. 23, 1965.

Charles E. Graves, Cheyenne, Wyo., for appellant.

L. D. Harris, Special Asst. Atty. Gen. (Boston E. Witt, Atty. Gen., on the brief), for appellee.

Before PHILLIPS, LEWIS and HILL, Circuit Judges.

PHILLIPS, Circuit Judge.

This is an appeal by Pece, confined under sentence of a New Mexico state court, from an order dismissing his application for a writ of habeas corpus.

Pece was arrested in Salt Lake City, Utah, on March 26, 1961, and transported to Roswell, New Mexico. A complaint charging him with rape was filed with a justice of the peace for Precinct One, Chaves County, New Mexico. On July 2, 1961, Pece was taken before the justice of the peace. Pece requested the appointment of counsel to represent him. The justice of the peace stated he had no authority to appoint counsel. Pece was then arraigned on the complaint and entered a plea of not guilty. He was returned to the county jail at Roswell, New Mexico. Jimmy Oldaker and Richard C. Lewis were also charged by complaint filed with the justice of the peace with the rape of the same female, at the same time and place.

On July 13, 1961, the Sheriff of Chaves County, New Mexico, transported Oldaker and Lewis to Lubbock, Texas, to undergo a polygraph examination, commonly called a "lie-detector test," to which they had voluntarily consented. Lewis had been advised by an attorney he had employed, and who later represented him at the trial in the district court, to take the lie-detector test. Pece testified that at the suggestion of the sheriff he went along for the ride. While at Lubbock, Oldaker and Lewis, after being fully advised that they were not required to make any statement, that any statement they made might be used against them at a trial for the offense, and that they were entitled to counsel, made confessions, which were reduced to writing, read and signed by them. Thereafter, Pece was advised that Oldaker and Lewis had made confessions and asked if he was willing to make a statement. Pece was informed the penalty for the offense with which he was charged was 99 years' imprisonment, that he was entitled to the advice of counsel before acting, that he was not required to make a statement, and that any statement he made could be used against him at a trial for the offense. No threats or promises were made to induce Pece to confess. He made no request for counsel. He made an oral confession, which was reduced to writing, read, and in some respects corrected by him and then signed by him. Thereafter, the three were returned to jail at Roswell.

Thereafter, on August 14, 1961, Pece, Oldaker and Lewis were taken before the justice of the peace for a preliminary examination. Lewis had employed an attorney, who was present at the preliminary examination. Oldaker had employed an attorney, but the attorney was not present at the examination. Pece again requested the appointment of counsel to represent him. He testified at the examination on the application for the writ that the justice made no answer to his request and counsel was not appointed for him.

At the preliminary examination, the district attorney offered in evidence the written statements of the three defendants. Pece was asked if he objected to his statement being admitted. He said he preferred not to answer until he could consult with an attorney, and he was not required to answer the question. All three statements were admitted at the preliminary examination and the defendants were bound over to the District

Court for Chaves County. A two-count information was filed against Pece and his codefendants, the first count charging them with rape and the second with assault with a deadly weapon. Thereafter, Pece was taken before the district court, requested counsel, counsel was appointed to represent him, and pleas of not guilty were entered. He and Lewis were tried together. Oldaker had pleaded guilty. Verdicts of guilty were returned against Pece on both counts. He was sentenced to a term of not less than one nor more than 99 years on the first count and to a lesser concurrent sentence on the second count.

At the trial in the state court, the statements made by Pece and Lewis were offered in evidence. On objection to their admission, the trial court made a preliminary inquiry out of the presence of the jury, with respect to the voluntary or involuntary character of the confessions. Evidence was adduced to the effect that each of the defendants was advised he was entitled to counsel; that he was not required to make any statement; that any statement made could be used against him on a trial for the offense; and that no promises or threats were made to induce the confessions. Lewis testified that his statement was induced by the urging and threats of the polygraph operator, but that the actual statement was made to Sheriff Babcock at a time when the polygraph operator was not present and that no threats or promises of any kind were made by the officers. In answer to an inquiry by the court, Pece stated that he knew he was not required to make a statement and that it could be used against him on a trial for the offense. The court found the statements were voluntary and they were admitted in evidence.

At the trial on the application for the writ, Pece was represented by counsel and afforded a full and fair evidentiary hearing. At such hearing [1] Pece testified to the facts substantially above set out, with reference to the arraignment and the preliminary examination in the justice of the peace court. He further testified that Smith, one of the officers present when the confession was given, knew that he had theretofore asked for an attorney; that the officers showed him the two statements made by his codefendants and "told me that I just might as well make one" and that he would probably get off "easier" when he went to court; that thereafter he gave the statement; and that he did not ask for counsel before or at the time he made his statement; and that he was not advised of his right to counsel at the time he gave his statement. The last statement was contrary to the testimony of the officers present at the time the confession was given. On cross-examination, Pece testified that no physical force was used to induce the statement; that no promises were made; that he was advised he was not required to make a statement; and that any statement made could be used against him.

On the basis of the facts above, the federal court found Pece's statement was voluntary.

 Pece, being an indigent, was entitled to have counsel appointed to represent him at the arraignment and preliminary examination before the justice of the peace. The failure of the state to provide him with counsel vitiated the preliminary examination proceedings. He was entitled to a preliminary examination, at which he would be accorded his constitutional rights, before being placed on trial on the information. But

---

1. At the hearing on the application for the writ, the respondent offered in evidence certified copies of the state court records and duly certified copies of the proceeding in the state district court reflecting the preliminary examination proceedings, the information, the order appointing counsel for Pece, the arraignment proceedings, Pece's plea of not guilty, the proceedings before the trial judge on the question of the admission of the confessions of Pece and Lewis, the verdicts finding Pece guilty on both counts and the sentences imposed on him. Counsel for Pece announced he had no objection to the offer and the exhibits were admitted.

he waived that right by his plea of not guilty, entered when he was adequately represented by counsel.[2] The fact the preliminary examination proceedings were void did not render Pece immune from a trial on the information, since at such trial he was provided with competent counsel and otherwise accorded his constitutional rights.[3]

We do not think a confession by a defendant at a time he is in custody and does not have counsel to advise him is *ipso facto* involuntary and inadmissible under the holding of the Supreme Court in Escobedo v. State of Illinois, 373 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964). Whether a confession was voluntary depends upon all of the attendant, pertinent facts and circumstances.[4]

The evidence fully supported the finding of the state district judge and the court below that the confession was made voluntarily.

Affirmed.

2. Pearce v. Cox, 10 Cir., 354 F.2d 884 (decided December 22, 1965).

3. Pearce v. Cox, supra; Thompson v. Cox, 10 Cir., 352 F.2d 488 (decided November 15, 1965).

4. Latham v. Crouse, 10 Cir., 338 F.2d 658, 659, cert. den. 380 U.S. 987, 85 S.Ct. 1361, 14 L.Ed.2d 280; Otney v. United States, 10 Cir., 340 F.2d 696, 702 (concurring opinion of Judge Lewis).