Marcelino GUERRA, Appellant,

v.

Felix RODRIGUEZ, Acting Warden, New Mexico State Penitentiary, Appellee.

No. 9073.

United States Court of Appeals
Tenth Circuit.

Feb. 14, 1967.

Arthur H. Coleman, Santa Fe, N. M., for appellant.

L. D. Harris, Special Asst. Atty. Gen., Albuquerque, N. M. (Boston E. Witt, Atty. Gen., Santa Fe, N. M., on the brief), for appellee.

Before PICKETT and SETH, Circuit Judges, and BROWN, District Judge.

WESLEY E. BROWN, District Judge.

This is an appeal from a denial of appellant Guerra's petition for a writ

of habeas corpus. Guerra contends that his constitutional rights were violated because he was denied a preliminary hearing and that there was not a valid judgment and sentence or record thereof in state court proceedings.

In 1945, Guerra was charged with carnal knowledge of a child under the age of ten, to which he pled not guilty. He was 18 years of age with a third grade education. Counsel was appointed for him and he was convicted after trial by jury. June 14, 1945, a sentence of life imprisonment was imposed. This sentence was later commuted by an executive order of the Governor of the State of New Mexico to not less than 50 years nor more than life imprisonment.

 It is undisputed that Guerra never had a preliminary hearing. He contends that he never waived his right thereto. The right to a preliminary hearing is guaranteed by the constitution of the State of New Mexico, and becomes a federal constitutional guarantee only as a part of the due process of the state, which must be afforded equally to all defendants, Silva v. Cox, 351 F.2d 61 (10th Cir. 1965). This court has followed the ruling of the highest court of that state in holding that a defendant waives his right to a preliminary hearing when he competently, understandingly, and voluntarily pleads to a charge, without asserting the absence of a preliminary hearing. Pearce v. Cox, 354 F.2d 884 (10th Cir. 1965).

Guerra's claim that he did not intelligently waive a preliminary hearing is based on an asserted lack of effective representation by appointed counsel. He testified that he entered a plea of not guilty, a lawyer was appointed, and a trial begun all on the same day. The records of the District Court of Dona Ana County show the Judge's criminal docket and disclose that Guerra was represented by counsel appointed at least six days before trial. Guerra further testified that he did not consult with the attorney before the trial began, that the

attorney merely sat at the counsel table, and did nothing throughout the trial, so far as he could recall. The same records show the Judge's memorandum of the selection of the Petit Jury at the trial June 4, 1945. This memorandum discloses that four jurors were challenged for Guerra and none of these were accepted as jurors.

The appointed attorney is now deceased. The reporter who recorded the proceedings is unknown, and no transcript of any state court proceedings is available. We note, in passing, that it is not known whether the issue of effective counsel was raised in the state courts. It is considered by us only with respect to the issue raised on appeal concerning the asserted denial of a preliminary hearing.

 The district judge found the testimony of Guerra relative to his now deceased counsel "inherently improbable and not entitled to credibility." Where transcripts are no longer available, the state may rest on the presumption that Guerra's attorney adequately protected his rights. See Norvell v. State of Illinois, 373 U.S. 420, 83 S.Ct. 1366, 10 L.Ed.2d 456. The Judge's finding that Guerra's testimony failed to rebut that presumption and was inherently improbable and unworthy of credibility is supported by the record before us. See Gallegos v. Cox, 358 F.2d 703 (10th Cir. 1966). The defects now complained of concerning the denial of a preliminary hearing were waived by Guerra's plea of not guilty and trial when he was adequately represented by counsel. See Pece v. Cox, 354 F.2d 913 (10th Cir. 1965).

 Guerra's assertion in his petition of the lack of a record of the judgment and sentence in the sentencing court is without merit. The record on appeal contains an attested true copy of the record book entry, signed by the sentencing judge, showing the judgment and sentence.

Affirmed.