**Larry G. LINEBARGER, Petitioner,**

v.

**STATE OF OKLAHOMA and Ray H. Page, Warden, Respondents.**

No. 67-C-112.

United States District Court
N. D. Oklahoma.

Oct. 30, 1967.

Larry G. Linebarger, in pro. per., John K. Harlin, Jr., Tulsa, Okl., for petitioner.

G. T. Blankenship, Atty. Gen., Oklahoma City, Okl., and Charles L. Owens, Asst. Atty. Gen., for defendants.

## MEMORANDUM OPINION

DAUGHERTY, District Judge.

This is a state prisoner habeas corpus case in which counsel has been appointed by the Court and an evidentiary hearing has been conducted.

The Petitioner seeks his release on grounds he is being unconstitutionally restrained of his liberty by the Respondents, citing a number of reasons. Those urged at the evidentiary hearing are as follows:

(1) He had no attorney at his appearance before the magistrate,

(2) He was denied a continuance for his preliminary hearing,

(3) His transcript on appeal was not complete in that it did not contain the arguments of counsel to the jury,

(4) The prosecuting attorney made an improper argument to the jury in referring to the defendant's failure to take

the witness stand in his own behalf, and

(5) He was represented by incompetent counsel at his District Court trial and appeal therefrom.

The Court finds that the Petitioner was represented by privately retained counsel at his preliminary hearing and his District Court arraignment and jury trial.[1] The evidence is conflicting as to whether the Petitioner's privately retained counsel actually appeared with the Petitioner at his arraignment before the magistrate. The Petitioner testified he had been retained before the arraignment but did not appear at the same. The evidence is conflicting as to the argument of the prosecuting attorney to the jury, the Petitioner presenting testimony that the statement above set out was made to the jury and the Respondents presenting testimony that the same was not made. The witnesses for the Petitioner consisted of himself, his father, his mother, his sister, his former wife and two jurors[2] who thought that such a statement was made. State trial counsel for the Petitioner testified that he did not recall such a statement being made and if made he would have recognized reversible error, objected, called for the reporter and made a record on the same. The prosecuting attorney testified herein and denied making the statement. State trial counsel for the Petitioner testified that he waived the reporting of the arguments of counsel at the trial and further stated that this was customary procedure. The Petitioner's privately retained attorney at the District Court trial was an experienced and capable attorney practicing in Tulsa and engaged in some criminal practice. This attorney appealed the Defendant's conviction to the Oklahoma Court of Criminal Appeals, where the conviction was affirmed. In this appeal no error was claimed on the alleged improper remark to the jury by the prosecuting attorney, nor on any other point now raised in this proceeding.

With reference to Claims (1) and (2) above, the Court finds the same to be without merit. The Petitioner had engaged private counsel before his appearance before the magistrate. The appearance docket of the magistrate shows the appearance of this attorney. However, the Petitioner testified he was not in attendance. It is undisputed that at this arraignment the Petitioner entered a plea of not guilty and asked for a preliminary hearing. Further, Petitioner testified herein that he knew of no harm suffered at said arraignment by his attorney's absence. Thereafter, the Petitioner entered a plea of not guilty at his District Court arraignment, at which time counsel of his own choice was present. In these circumstances, his constitutional rights were not violated. Pece v. Cox, 354 F.2d 913 (10 Cir. 1965), cert. denied 384 U.S. 1020, 86 S.Ct. 1984, 16 L.Ed.2d 1044; Pearce v. Cox, 354 F.2d 884 (10 Cir. 1965), cert. denied 384 U.S. 976, 86 S.Ct. 1869, 16 L.Ed.2d 685.

As to Claim (3), the Court finds no merit therein as Petitioner's counsel waived the reporting of the arguments of counsel and no constitutional question is involved. Admittedly this waiver is permissible and customary procedure in Oklahoma. 20 Oklahoma Statutes 108; Dickinson v. Whitaker, 75 Okl. 243, 182 P. 901. But, if erroneous for any reason unknown to this Court, it is only mere error to be corrected on appeal and is not available on a collateral attack on the judgment of conviction. Bowen v. United States, 260 F.2d 266 (5 Cir. 1958), cert. denied, 359 U.S. 955, 79 S.Ct. 743, 3 L.Ed.2d 762;

1. The appearance docket of the magistrate reveals that the Petitioner was represented by counsel at the arraignment and also at the preliminary hearing. The District Court appearance docket indicates that the Petitioner was represented by counsel at his District Court arraignment and jury trial.

2. One of these jurors had a fourth grade education and the other an eighth grade education. Since they were contacted for affidavits and to appear as witnesses it is reasonable to believe that the other jurors were also contacted without favorable results to Petitioner.

Williams v. Beto, 354 F.2d 698, at page 703 (5 Cir. 1965).

■ As to Claim (4) above, the Court finds from the evidence that the alleged improper remark or argument to the jury by the prosecuting attorney did not, in fact, occur. The Court knows the state trial Judge to be an experienced jurist and the attorneys to be experienced attorneys. The Court finds and concludes from all the evidence and the circumstances that the alleged improper remark was not, in fact, made notwithstanding the testimony of the defendant himself, his relatives and two jurors whose testimony the Court finds to be lacking in persuasion.

■ As to Claim (5) above, with reference to the complaint of incompetent counsel, the Petitioner's complaint in this regard consists of the failure of his counsel to preserve the record and then cite as error on appeal the above discussed improper remark to the jury and the failure of his counsel to object to the instruction of the Court with reference to the function of the State Pardon and Parole Board in connection with an indeterminate sentence and cite this point as error on appeal. The well recognized rule with reference to incompetent counsel is that counsel must have so participated in the case as to make his representation a sham, a farce and a mockery of justice. Goforth v. United States, 314 F.2d 868 (10 Cir. 1963), cert. denied 374 U.S. 812, 83 S.Ct. 1703, 10 L.Ed.2d 1035; Williams v. Beto, 354 F.2d 698 (5 Cir. 1965); Brink v. United States, 202 F.2d 4 (10 Cir. 1953), cert. denied 345 U.S. 1001, 73 S.Ct. 1147, 97 L.Ed. 1406. As stated above, the Court finds and concludes that the alleged improper remark to the jury did not, in fact, occur and therefore did not exist as a matter about which defendant's counsel could have made a record and urged on appeal. The Court is convinced that if this remark had been made to the jury by the prosecuting attorney which is so fundamentally erroneous that Petitioner's attorney at the state trial would have made a rec-

ord on the same and would have argued error thereon in the appeal which he prosecuted. Furthermore, the state trial Judge most likely would have taken appropriate action on his own motion and declared a mistrial as such a remark is specifically prohibited by Oklahoma Statute. 22 Oklahoma Statutes 701.

■■ With reference to the instruction to the jury in which the Pardon and Parole Board was mentioned, it is contended that this instruction was erroneous. French v. State, 397 P.2d 909 (1964). If so, a federal question is not involved and an erroneous instruction such as this will not afford relief in a federal habeas corpus proceeding. Alexander v. Daugherty, 286 F.2d 645 (10 Cir. 1961); Pierce v. Page, 362 F.2d 534 (10 Cir. 1966). But considering this matter in the light of the claim of incompetent counsel and assuming that the instruction was erroneous under Oklahoma law, the Court finds that such is not sufficient under the above mentioned rule to find that the Petitioner's legal representation by his privately retained attorney was a sham, a farce and a mockery of justice. The legal point involved in the instruction was novel and the whole instruction was based on a recently enacted law (effective January 1, 1964) providing for the imposition of an indeterminate sentence. In these circumstances, the Court does not find counsel to have been incompetent by reason of failing to object and urge error regarding this instruction. After reading the trial transcript and the decision on appeal, the Court finds and concludes that Petitioner was not represented by ineffective or incompetent counsel and his representation was not a sham, farce or mockery of justice.

By reason of the foregoing findings and conclusions the Petitioner's petition in habeas corpus is found to be without merit; the Petitioner is found to be held by the State of Oklahoma with none of his constitutional rights having been violated in his conviction and accordingly

the Petitioner's cause of action set forth in his petition for writ of habeas corpus should be dismissed. Counsel for the Respondents will prepare and present to the Court an appropriate judgment in conformity with the foregoing.