**Marcos D. BAEZ, Appellant,**

v.

**Feliz RODRIGUEZ, Acting Warden, New Mexico State Penitentiary, Appellee.**

**No. 9275.**

United States Court of Appeals Tenth Circuit.

July 24, 1967.

Rehearing Denied Nov. 3, 1967.

Robert C. Free for appellant.

L. D. Harris, Sp. Asst. Atty. Gen. Boston E. Witt, Atty. Gen., was with him on the brief), for appellee.

Before LEWIS, HILL and HICKEY, Circuit Judges.

DAVID T. LEWIS, Circuit Judge.

This case reaches us for the second time. Upon its original presentation, we remanded appellant's petition seeking a writ of habeas corpus for further consideration by the District Court for the District of New Mexico in light of our decision in Pearce v. Cox, 354 F.2d 884, and related cases. Our remand directed the trial court to afford the state an opportunity to refute appellant's testimony, then uncontradicted, to the effect that his entry of plea of guilty to the state charges had not been voluntary. Baez v. Cox, No. 8445, February 23, 1966 (unreported). The petition was reconsidered by the trial court on the original testimony of appellant and the answers of appellant's appointed counsel to very extensive written interrogatories concerning the events leading to appellant's entry of a plea of guilty. Finding that appellant had intelligently, understandably and voluntarily entered his plea of guilty in the state court, appellant's application for a writ was denied and this appeal followed.

■■■ Appellant is presently serving an indeterminate sentence in the New Mexico State Penitentiary of not less than 25 nor more than 50 years for the offense of jail breaking with the use of a deadly weapon.[1] The New Mexico state records do not show that he was ever accorded a preliminary hearing, a state constitutional right, nor that he was represented by or waived the right to counsel at that stage of the proceedings, a federal constitutional right. The state records do show that appellant entered a plea of not guilty before the committing magistrate and that he thereafter was represented by appointed counsel when arraigned and charged by information at the trial level. There is no filed transcript of the arraignment proceedings and the court reporter's notes cannot now be found. As a consequence of this lack of procedural and substantive record the federal district court must rely on the memories of those present at state court proceedings to determine whether an accused has been denied due process. Lack of official records does not compel relief. Guerra v. Rodriguez, 10 Cir., 372 F.2d 472.

■■■ By way of answers to written interrogatories propounded to appellant's appointed state court counsel by his present counsel, such answers being deemed credible by the court, it appears that the record supports the finding and conclusions of the court below. After appointment by the state court, counsel consulted with appellant for from thirty to sixty minutes; explained and read to him the information; explained the elements of the charge, the statutory sentence and the consequences of a guilty plea, and the right to a trial by jury. Counsel familiarized himself with appellant's prior record and explained the possible effect of a charge made under the state habitual criminal statute. Counsel discussed the circumstances of the case with both the sheriff and deputy sheriff and, in all, spent two hours in appellant's behalf and concluded and advised appellant that he should enter a plea of guilty. Appellant, who had freely admitted to counsel that he and others had "beat up" the jailor with a broomstick, and broken jail, agreed. From the

[1]. Such sentence was imposed in 1959 pursuant to § 40–41–3, N.M.Stat.Ann.1953 Compilation as it then existed.

totality of these circumstances and the presumption of regularity in state court proceedings, we conclude that appellant did not sustain his burden of showing a right to relief, Miller v. Crouse, 10 Cir., 346 F.2d 301, and the trial court correctly held that prior procedural state court defects were waived by the voluntary entry of plea of guilty. Pearce v. Cox, supra; Guerra v. Rodriguez, supra.

Affirmed.