STATE OF NORTH CAROLINA v. WALLACE URBON FERRELL

STATE OF NORTH CAROLINA v. WILLIE MACK WORKMAN

No. 7918SC923

(Filed 1 April 1980)

1. **Criminal Law § 75— confessions—voluntariness**

Evidence was sufficient to support the trial court's ruling that confessions of defendants were freely and voluntarily given where it tended to show that defendants were apprehended around noon in Richmond, Virginia and were transported to Greensboro where they arrived around 6:00 p.m.; one defendant was given something to eat and drink and the other something to drink before they were interrogated; one defendant was advised of his constitutional rights, signed a waiver of rights form around 7:30, was interviewed by law enforcement officers, and then wrote out a statement in his own handwriting; the other defendant was advised of his rights around 9:00 and signed a waiver of those rights around 9:35; and neither defendant was under the influence of drugs or alcohol at the time.

2. **Criminal Law § 74.3— confessions implicating codefendants—sanitized versions admissible**

The trial court did not err in allowing into evidence "sanitized" versions of purported statements by the two codefendants which were inculpatory of each other.

3. **Criminal Law § 42.6— rape victim's clothing—chain of custody not shown**

In a prosecution of defendants for second degree rape and kidnapping, failure of the State to show the chain of custody of the clothes which the victim was wearing on the night of the crimes was harmless.

4. **Criminal Law § 113.7— acting in concert—jury instructions proper**

The trial judge in a prosecution of two defendants properly instructed on acting in concert when he stated, "If two or more persons act together with a common purpose to commit a crime, each of them is held responsible for the acts of others done in the commission of that crime."

APPEAL by defendants from *Smith (David I.), Judge.* Judgment entered 9 May 1979 in Superior Court, GUILFORD County. Heard in the Court of Appeals 28 February 1980.

Each of the defendants was tried for second degree rape, kidnapping, and larceny of an automobile. Evidence presented by the State tended to show that at 2:00 a.m. on 23 December 1978, Shebra Elaine Gilmore was a passenger in her sister's car which

was parked in the parking lot of the Side Effects Club in Greensboro. While waiting for her sister, Ms. Gilmore fell asleep. Defendant Workman got in the unlocked car, drove a short distance before picking up defendant Ferrell, and then drove on further before Ms. Gilmore woke up. Notwithstanding her pleas to be set free, Ms. Gilmore was driven to an area in Guilford County where each of the defendants had sexual intercourse with her against her will. Afterward, she was driven to South Carolina. The following day was spent in Saluda, South Carolina, and the next day the three returned to Greensboro, where Ms. Gilmore was released. Two days later the defendants were arrested in Virginia. They waived extradition and were returned to North Carolina. Upon motion by the defendants, the cases were consolidated for trial. Verdicts of guilty were returned on all three counts. Defendants appealed.

*Attorney General Edmisten, by Assistant Attorney General Joan H. Byers, for the State.*

*D. Lamar Dowda for defendant appellant Workman.*

*Michael E. Lee for defendant appellant Ferrell.*

HILL, Judge.

[1] Defendants first contend the trial court erred in ruling that purported confessions made by the defendants were freely and voluntarily given and that the defendants had knowingly and intelligently waived their right to have counsel present at the time the purported confessions were given.

An extrajudicial confession by an accused is admissible against him when it is voluntarily given, not induced by threats or fear, and when the defendant has knowingly and intelligently waived his right to have counsel present at the time the confession is given. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed. 2d 694 (1966); *State v. Fox*, 274 N.C. 277, 163 S.E. 2d 492 (1968). Whether conduct on the part of interrogating officers constitutes a threat or induces fear and whether a purported waiver has been knowingly and intelligently given are questions of law reviewable on appeal. *State v. Biggs*, 224 N.C. 23, 29 S.E. 2d 121 (1944).

When the defendants objected to SBI Special Agent Terry Johnson's testimony concerning their purported confessions, the trial court held a voir dire hearing in which the court heard testimony from Special Agent Johnson, Officer S. M. Shaver, as well as the two defendants, concerning the circumstances under which the statements were given. The court also examined the written statements. At the conclusion of the voir dire, the court made findings of fact. These findings, based as they are on competent evidence, are conclusive on appeal. *State v. Stepney*, 280 N.C. 306, 317, 185 S.E. 2d 844 (1972).

The judge's findings on voir dire reveal the following as to defendant Ferrell:

Ferrell was arrested at 12:00 a.m. in Richmond, Virginia, and was brought to Greensboro by Detective Shaver of the Guilford County Sheriff's Department. Upon arriving in Greensboro around 6:00 p.m., Ferrell was fed sandwiches and was given water to drink. Ferrell was fed prior to any interrogation. At 7:30 p.m. Ferrell signed a waiver of rights form after having been advised of his constitutional rights. Ferrell indicated to Detective Shaver that he understood his rights. Ferrell was then interviewed by Special Agent Johnson and Detective Shaver. Ferrell wrote out the statement in his own handwriting. Ferrell was not under the influence of alcohol or drugs during this interview.

It is clear from these facts that Ferrell's confession was voluntary and that he waived his rights under *Miranda, supra. See State v. Carter*, 289 N.C. 35, 220 S.E. 2d 313 (1975); *State v. Williams*, 289 N.C. 439, 222 S.E. 2d 242 (1976); *State v. Whitley*, 288 N.C. 106, 215 S.E. 2d 568 (1975).

The findings of fact reveal the following as to defendant Workman:

Workman was arrested in Richmond, Virginia, and brought to Greensboro by Detective Shaver. He arrived in Greensboro around 6:00 p.m. He was fed and given water prior to his being questioned. He made no requests for food. At approximately 9:00 p.m., he was advised of his *Miranda* rights. At 9:35 p.m. he signed a waiver of those rights. He was not under the influence of drugs or alcohol at that time.

These findings support the court's conclusions of law that Workman's confession was voluntary. *State v. Carter, supra; State v. Williams, supra.* The confessions were properly admitted into evidence.

[2] Next, the defendants contend that the court erred by allowing into evidence "sanitized" versions of purported statements by the codefendants Ferrell and Workman which were inculpatory each to the other. We do not agree.

Defendants contend, *citing Bruton v. United States*, 391 U.S. 123, 20 L.Ed. 2d 476, 88 S.Ct. 1620 (1968), that the extrajudicial confession of one codefendant which implicates his codefendant cannot be allowed into evidence where the defendant making the confession does not testify at their joint trial. The Court in *Bruton, supra,* held that to admit such evidence would constitute a denial of the codefendant's rights under the confrontation clause of the Sixth Amendment to the Constitution of the United States. In the case *sub judice* the State, by substituting singular pronouns and by attempting to eliminate from the statement any reference to the codefendant Workman, offered an altered version of what codefendant Ferrell had allegedly said. The revision process was then reversed as to Workman. Each defendant contends the State was thereby able to introduce into evidence a product of the district attorney's imagination that was not in fact the actual statement of either Wallace Urbon Ferrell or Willie Mack Workman. Each defendant contends that such a statement became a memorandum of what the accused had said, or a product of what the district attorney perceived the accused's statement to be.

The use of "sanitized" statements has been approved by the North Carolina Supreme Court as being consistent with the requirements of *Bruton, supra.* In *State v. Braxton*, 294 N.C. 446, 470, 242 S.E. 2d 769 (1978), the Court said,

> This editing made the statement somewhat incoherent but a comparison of the original statement with the edited copy fails to show any prejudice . . . resulting from the editing.

The statements were properly sanitized, the defendants were not prejudiced, and the assignment of error is overruled.

[3] Defendants next contend that the court erred by allowing into evidence the skirt, vest, shirt, slip, bra and panties which the prosecutrix was wearing on 23 December 1978. Defendants contend that no chain of custody was established, and that the prosecuting witness did not testify that the exhibits were in the same condition at trial as they were when she left them at her mother's after her attack. We find no error. The witness on recall identified the State's exhibits as the clothing she wore on the night of 23 December 1978 and further described the reasons they presently appeared torn and had missing buttons. A careful reading leaves no doubt that the clothes were the ones the prosecutrix was wearing on 23 December 1978 and that their condition had not been altered since that time. Failure in this case to offer a chain of custody into evidence is harmless.

We are not impressed with the defendant's contention that motions for nonsuit for each defendant must be allowed. There was ample evidence that the crimes charged in the bills of indictment had been committed and that the defendants committed the crimes. Nonsuit was properly denied. *State v. Allred,* 279 N.C. 398, 183 S.E. 2d 553 (1971).

[4] Finally, we hold that the court did not err in its charge of acting in concert.

On one occasion the court charged as follows:

> For a person to be guilty of a crime, it is not necessary that he himself do all of the acts necessary to constitute the crime. If two or more persons act together with a common purpose to commit a crime, each of them is held responsible for the acts of the others done in the commission of that crime.

The court charged similarly on all crimes for which both defendants were charged. The language used is straight from the North Carolina pattern jury instructions and is in all respects correct. *See* NCPI-Crim. 202.10. The exact language of portions of the charge has been approved in *State v. Joyner,* 297 N.C. 349, 244 S.E. 2d 390 (1979). This assignment of error is overruled.

The trial court committed no error when it refused to grant the defendant's post trial motions to set aside the jury verdict

and arrest judgment. There was no abuse of discretion by the trial judge. The assignment of error is overruled. *State v. Shepard*, 288 N.C. 346, 218 S.E. 2d 176 (1975).

In the trial we find

No error.

Judges PARKER and MARTIN (Harry C.) concur.