STATE OF NORTH CAROLINA v. ROY GLENN TRIPP

No. 8012SC1130

(Filed 2 June 1981)

1. Criminal Law § 102; Jury § 5.1— closing arguments of counsel—jury selection—recordation improperly denied—no prejudice

The trial court erred in denying defendant's motion that jury selection and opening and closing arguments of counsel be recorded; however, because defendant did not ask the court to reconstruct the matters in question for the record and therefore did not avail himself of an adequate substitute for a full recordation of the jury selection and the argument of counsel, and because defendant did not argue on appeal any error in the unrecorded proceedings or show in any way how these proceedings prejudiced him, defendant failed to sustain the burden of showing prejudice by the trial court's denial of his motion. G.S. 15A-1241; G.S. 15A-1443.

2. Searches and Seizures § 41— holding of persons in trailer—search pursuant to warrant

In a prosecution for breaking or entering and larceny the trial court did not err in denying defendant's motion to suppress certain physical evidence where officers responded to a burglar alarm at a business; one of the officers went to the back of the building and noticed a subject in front of a trailer nearby; the officers observed a trail of cigarettes and chewing gum leading to

State v. Tripp

the trailer; the officers knocked on the trailer door, talked with an occupant therein, and then walked away from the trailer and conferred; the officers then knocked on the trailer door again and asked if they could come in; the occupant of the trailer said yes; defendant and others were inside the trailer; the officers noticed packs of cigarettes and chewing gum and a power saw in the room; one of the officers asked permission to search the trailer, which was denied; he thereupon left to obtain a search warrant while the second officer remained in the trailer; the officer who remained at no time conducted a search of the trailer and was at all times polite; the other officer returned in about an hour with a search warrant, read it to the occupants, and then undertook to search the trailer; the search revealed several stolen items; the officers originally had a legal right to be in the trailer, as they were invited inside and were at no time asked to leave; and any seizure of persons in the trailer resulting from the officer's remaining at the scene while the search warrant was being obtained was reasonable and permissible.

**3. Criminal Law § 75.9— defendant's incriminating statement volunteered**

The trial court did not err in admitting an incriminating statement by defendant and there was no merit to defendant's contention that the statement was the product of custodial interrogation without the benefit of a warning as to his constitutional rights, since the evidence tended to show that, during the search of a trailer, a police officer was asked who would be arrested; he answered that probably everyone would be arrested if stolen property was found in the trailer; defendant thereupon made a statement to the effect that he had committed the crimes in question and that the others should not be bothered; and all of the testimony clearly indicated that this statement was volunteered by defendant.

**4. Criminal Law § 113.7— acting in concert—instructions proper**

In a prosecution of defendant for felonious breaking or entering and larceny, evidence was sufficient to justify the trial court's instruction on the theory of acting in concert, and the instruction was in accord with applicable law.

**5. Criminal Law § 113.1— failure to summarize evidence favorable to defendant—evidence unnecessary to explanation of applicable law**

There was no merit to defendant's contention that the trial court erred by summarizing the evidence favorable to the State while failing to summarize at all evidence favorable to defendant, since defendant presented no witnesses of his own, and none of the State's evidence favorable to defendant or evidence elicited by defendant on cross-examination would exculpate defendant even if believed; none of the evidence tended to establish a substantive defense for defendant; and the court was able to apply the law to the evidence without mentioning the evidence cited by defendant.

APPEAL by defendant from *Preston, Judge.* Judgments entered 10 July 1980 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 1 April 1981.

Defendant was convicted of two counts of felonious breaking or entering and two counts of felonious larceny. Evidence for

the State tended to show that officers responded to a burglar alarm at the Carolina Pawn Shop in Fayetteville shortly after 5:00 a.m. on 19 March 1980. Deputy J. W. Grimsley went to the back of the building and noticed a subject, whom he could not identify, in front of a trailer at nearby Dogwood Trailer Park. Investigation revealed that a hole one cinder block wide had been opened in the rear wall of the building. The Luv-A-Sub Restaurant next door also had been entered. Cigarettes, chewing gum, a power saw, a power sander, drop cords, and other items were missing from the restaurant and from the Midway Auction Furniture Company, a business located in the back of the Carolina Pawn Shop building. The power sander was found by a fence at the rear of the building.

Beyond this fence a trail of cigarettes and chewing gum led to the trailer near which Deputy Grimsley had seen a subject. Grimsley and Detective George Daskal knocked on the trailer door. Ricky Lee answered. He was fully clothed, although the lights in the trailer were off, and he had what appeared to be a recent abrasion on his hand. The officers asked a question and then walked away from the trailer and conferred. They then knocked on the trailer door again and asked if they could come in. Ricky Lee told them they could.

Jerry Lee and defendant were inside. They also were dressed. The officers noticed packs of cigarettes and chewing gum and a power saw in the room. Detective Daskal asked for consent to search the trailer, which was denied. He thereupon left to obtain a search warrant while Deputy Grimsley remained in the trailer. He returned in about an hour and read the search warrant to Catherine Gisclair, the mother of Ricky Lee and Jerry Lee, who was the person "in charge of the trailer." A search was then undertaken. One of the subjects asked who was going to be arrested, and an officer answered that probably everyone would. Defendant then stated that he had done the job himself and that no one else was involved.

The search revealed several stolen items — cigarettes, chewing gum, the power saw, silver flatware, a sleeping bag, and drop cords. The three subjects were arrested. At the Law Enforcement Center defendant was advised of his *Miranda* rights, but he refused to give a written statement. He said that he had done it and that he would "tell it to the judge." He also made a comment to

the effect that "when you get to swinging that sledge hammer, it'll sure give you a workout." The officers had found a sledge hammer on the floor inside the hole which had been opened in the rear wall of the building.

Defendant presented no evidence. From a judgment of imprisonment, defendant appeals.

*Attorney General Edmisten, by Assistant Attorney General Alfred N. Salley, for the State.*

*Gregory A. Weeks for defendant appellant.*

WHICHARD, Judge.

[1] Before trial defendant moved that jury selection and opening and closing arguments of counsel be recorded. The court denied the motion. Defendant assigns error, arguing that G.S. 15A-1241(b) required that his motion be allowed.

G.S. 15A-1241 provides in pertinent parts as follows:

§ 15A-1241. Record of proceedings. — (a) The trial judge must require that the reporter make a true, complete, and accurate record of all statements from the bench and all other proceedings except:

(1) Selection of the jury in noncapital cases;

(2) Opening statements and final arguments of counsel to the jury; and

(3) Arguments of counsel on questions of law.

(b) Upon motion of any party or on the judge's own motion, proceedings excepted under subdivisions (1) and (2) of subsection (a) must be recorded. The motion for recordation of jury arguments must be made before the commencement of any argument and if one argument is recorded all must be. Upon suggestion of improper argument, when no recordation has been requested or ordered, the judge in his discretion may require the remainder to be recorded.

This statute clearly provides that jury selection and argument of counsel must be recorded upon motion of any party. The trial court thus erred by denying defendant's motion. Defendant must,

however, show prejudice consequent upon such error to be entitled to a new trial, G.S. 15A-1443; and we find no showing of prejudice.

G.S. 15A-1241(c) provides, "When a party makes an objection to unrecorded statements or other conduct in the presence of the jury, upon motion of either party the judge must reconstruct for the record, as accurately as possible, the matter to which objection was made." In *State v. Soloman*, 40 N.C. App. 600, 253 S.E. 2d 270 (1979), this Court awarded a new trial upon concluding that the trial court's failure to reconstruct certain allegedly improper jury arguments had denied the defendant meaningful appellate review.

The record indicates that objections were sustained to certain questions posed by defense counsel during selection of the jury, but that defense counsel did not ask the court to reconstruct the matter for the record pursuant to G.S. 15A-1241(c). It further indicates that objection was sustained to a statement made by defense counsel during his closing argument to the jury, but this matter has not been sufficiently reconstructed in the record to permit appellate review. Neither of these incidents is argued as error in defendant's brief. Because defendant did not avail himself of an adequate substitute for a full recordation of the jury selection and the argument of counsel, and because defendant has not argued on appeal any error in the unrecorded proceedings or shown in any way how these proceedings prejudiced him, we find that defendant has failed to sustain the burden of showing prejudice imposed on him by G.S. 15A-1443.

Defendant also contends, analogizing from *Griffin v. Illinois*, 351 U.S. 12, 100 L.Ed. 891, 76 S.Ct. 585 (1956), that the court violated his constitutional rights of due process and equal protection by denying his motion for recordation of jury voir dire and arguments solely because he stated that he could not pay the expense of recordation. *Griffin* held that the states must provide equal access to appellate review; and that if meaningful appellate review requires a transcript of trial proceedings, the state must provide such transcripts for indigent defendants. 351 U.S. 12, 100 L.Ed. 891, 76 S.Ct. 585. The *Griffin* Court recognized, however, that states could discharge their duty to provide equal access to appellate review by means other than provision of full

stenographic transcripts. 351 U.S. at 20, 100 L.Ed. at 899, 76 S.Ct. at 591. The method of recordation provided for in G.S. 15A-1241(c) would lead to less than a "full stenographic transcript." Had defendant availed himself of the G.S. 15A-1241(c) provision for reconstruction of matters objected to, *Griffin* might well have required the state to provide him with a transcript of the reconstruction. Defendant did not request reconstruction, however, and thus did not take the steps necessary to protect any rights guaranteed by *Griffin*. Defendant's first assignment of error is overruled.

[2] Defendant next challenges denial of his pre-trial motion to suppress certain physical evidence and incriminating statements. A voir dire hearing was held on the motion at which both the State and the defense presented witnesses. At the conclusion of the hearing, the trial court made findings of fact and conclusions of law.

Upon a voir dire hearing pursuant to a motion to suppress evidence, the trial court's findings of fact, if supported by competent evidence, are conclusive and binding on the appellate courts. The conclusions of law drawn from the facts found are, however, reviewable. *State v. Thompson*, 287 N.C. 303, 214 S.E. 2d 742 (1975) *death penalty vacated* 428 U.S. 908, 49 L.Ed. 2d 1213, 96 S.Ct. 3215 (1976). Defendant does not dispute the sufficiency of the evidence to support any particular finding of fact. Rather, he challenges the legal conclusions that flow from the evidence and the findings, arguing that an unreasonable seizure of the persons and property in the trailer occurred when Deputy Grimsley remained inside the trailer while the search warrant as being obtained.

Initially, defendant denies that the officers had any right to approach the trailer the second time, contending they should instead have watched the trailer from the outside while obtaining a search or arrest warrant. We disagree. Deputy Grimsley testified that he and Detective Daskal decided "if we were going to talk to these people about possibly being suspects, we better do it then." Law enforcement officers have the right to approach a person's residence to inquire as to whether the person is willing to answer questions. *State v. Prevette*, 43 N.C. App. 450, 455, 259 S.E. 2d 595, 599-600 (1979), *disc. review denied*, 299 N.C. 124, 261 S.E. 2d 925, *cert. denied*, 447 U.S. 906, 64 L.Ed. 2d 855, 100 S.Ct. 2988

(1980). Although the testimony at the voir dire hearing was in conflict, the trial court specifically found that the officers "were invited in"; and this finding, because it is supported by competent evidence,[1] is conclusive on appeal. *State v. Blackmon,* 280 N.C. 42, 185 S.E. 2d 123 (1971). "[T]he circumstances here were not so inherently coercive as to negate a finding of consent to entry as a question of law." *United States v. DiGregorio,* 605 F. 2d 1184, 1188 (1st Cir.), *cert. denied,* 444 U.S. 937, 62 L.Ed. 2d 197, 100 S.Ct. 287 and 444 U.S. 983, 62 L.Ed. 2d 411, 100 S.Ct. 489 (1979).

Once inside, the officers observed cigarettes, chewing gum and a power saw. Mere observation of these items in plain view by officers who were at a place where they had a legal right to be did not constitute an impermissible search. *See State v. Legette,* 292 N.C. 44, 55, 231 S.E. 2d 896, 903 (1977). The officers neither seized these items nor undertook to search other rooms of the trailer. They asked for consent to search; and when consent was denied, Detective Daskal left to obtain a search warrant.

Deputy Grimsley testified at trial that he remained at the scene "to prevent the subjects and the evidence from leaving the trailer." Several jurisdictions have upheld the legality of "securing" premises pending issuance of a search warrant when probable cause and exigent circumstances exist. *E.g., United States v. Korman,* 614 F. 2d 541 (6th Cir.), *cert. denied,* 446 U.S. 952, 64 L.Ed. 2d 808, 100 S.Ct. 2918 (1980); *United States v. DiGregorio,* 605 F. 2d 1184, 1188 (1st Cir.), *cert. denied,* 444 U.S. 937, 62 L.Ed. 2d 197, 100 S.Ct. 287 and 444 U.S. 983, 62 L.Ed. 2d 411, 100 S.Ct. 489 (1979); *United States v. McLaughlin,* 525 F. 2d 517 (9th Cir. 1975), *cert. denied,* 427 U.S. 904, 49 L.Ed. 2d 1198, 96 S.Ct. 3190 (1976); *State v. Galvin,* 161 N.J. Super. 524, 391 A. 2d 1275 (1978); *Ferdin v. Superior Court,* 36 Cal. App. 3d 774, 112 Cal. Rptr. 66 (1974). *But see State v. Dorson,* 62 Hawaii Adv. St. 6256, 615 P. 2d 740 (1980); *State v. Matsen,* 287 Or. 581, 601 P. 2d 784 (1979). *See generally* 2 LaFave, Search and Seizure § 6.5(c) (1978). As stated in *DiGregorio,* 605 F. 2d at 1188,

So long as no general warrantless search is undertaken, when there is probable cause to believe that evidence is located in

---

1. Detective Daskal testified: "[W]e were given permission to enter the trailer." Deputy Grimsley testified that "the younger Lee brother answered the door" and that "[h]e said, 'Come on in.' "

a house and a likelihood that the occupants will remove or destroy it pending issuance of a warrant (i.e., exigency), it is permissible for an officer already legitimately on the premises to secure the area against removal of property pending issuance of a warrant. *United States v. Picariello,* 568 F. 2d 222 (1st Cir. 1978).

Although the United States Supreme Court has not decided the legality of temporarily detaining persons at the scene of a suspected crime to obtain a search warrant, *see Rawlings v. Kentucky,* --- U.S. --- , 65 L.Ed. 2d 633, 100 S.Ct. 2556 (1980), it has written, in the context of other facts, as follows:

> The reasonableness of seizures that are less intrusive than a traditional arrest [citations omitted] depends "on a balance between the public interest and the individual's right to personal security free from arbitrary interference by law officers." [Citations omitted]. Consideration of the constitutionality of such seizures involves a weighing of the gravity of the public concerns served by the seizure, the degree to which the seizure advances the public interest, and the severity of the interference with individual liberty.

*Brown v. Texas,* 443 U.S. 47, 50-51, 61 L.Ed. 2d 357, 361-362, 99 S.Ct. 2637, 2640 (1979).

> Here the officers were lawfully on the premises. The trial court found that they were invited into the trailer and "that no credible evidence exists from which to reasonably conclude that Deputy Grimsley was at any time asked to leave the trailer." These findings are supported by competent evidence and thus are conclusive on appeal. *State v. Blackmon,* 280 N.C. 42, 185 S.E. 2d 123 (1971). Deputy Grimsley's conduct was relatively nonintrusive. He conducted no search. Both he and Catherine Gisclair testified that he was polite during the wait. At one point he walked out of the trailer and returned. The defendant was allowed to change clothes while he was there. Detective Daskal returned with the search warrant in about an hour. The officers' investigation had given them probable cause for issuance of the search warrant, and nothing said or done during the deputy's wait was used to support issuance of the warrant. The exigent circumstances facing the officers included knowledge by the occupants of the trailer that the police desired to search it and the relatively easy destructibility of some, though admittedly not all,

of the stolen items. In light of the above, we conclude that any seizure of persons in the trailer resulting from Deputy Grimsley's remaining at the scene while the search warrant was being obtained was reasonable and permissible. No constitutional rights of the trailer's occupants were violated thereby.

The search and seizure of physical evidence, as opposed to any seizure of persons, was pursuant to the search warrant. The evidence and the findings of fact support the trial court's conclusion that there was probable cause for issuance of the warrant and that the warrant contained a description of the premises to be searched and the items to be seized sufficiently limited to prevent a general search of the premises. The court thus properly admitted the physical evidence.

[3] As to the admission of defendant's incriminating statements, he first contends that they were tainted by the illegal seizure of his person. Our conclusion that any such seizure was reasonable and lawful deprives this contention of viability. Defendant next contends that his first statement was the product of custodial interrogation without the benefit of a warning as to his *Miranda* rights. The voir dire testimony of both Sergeant Goggio and defendant tended to show that during the search at the trailer the sergeant was asked who would be arrested. He answered that probably everyone would be arrested if stolen property was found in the trailer. Defendant thereupon made a statement to the effect that he had done it and the others should not be bothered. All of the testimony clearly indicates that this statement was volunteered by defendant. It was not the product of any custodial interrogation so as to invoke the *Miranda* decision. *See State v. Setzer*, 42 N.C. App. 98, 256 S.E. 2d 485, *disc. review denied*, 298 N.C. 571, 261 S.E. 2d 127 (1979); *State v. Kessack*, 32 N.C. App. 536, 232 S.E. 2d 859 (1977). Defendant further argues that the court failed to find specifically that his statements had been knowingly and voluntarily made. Although the court did not use these precise terms in its findings and conclusions, it found facts as to the making of defendant's statements and concluded that the statements were not the result "of any subtle compulsion or improper conduct by any of the law enforcement officers . . . or the result of any impermissible search." There was no evidence that defendant's statements were involuntary or were unconstitu-

State v. Tripp

tionally obtained. The court's order is sufficient, and the assignment of error is overruled.

[4] In the jury instructions, the trial court stated,

> For a person to be guilty of a crime, it is not necessary that he himself do all the acts necessary to constitute the crime. If two or more persons act together with a common purpose to commit the crime of breaking and entering, each of them is held responsible for the act . . . of the others done in the commission of said crime.

Defendant argues the instruction was inappropriate, because the evidence tended to show that one of the Lee brothers committed the crimes and that defendant only participated in a "coverup" afterwards in order to protect the "true criminal." This argument is inconsistent with defendant's statement to the officers that he alone was responsible. Despite defendant's claim of sole responsibility, however, the other evidence was sufficient to justify the court's instruction on the theory of acting in concert; and the instruction was in accord with the applicable law. *See State v. Joyner*, 297 N.C. 349, 255 S.E. 2d 390 (1979); *State v. Ferrell and State v. Workman*, 46 N.C. App. 52, 264 S.E. 2d 134 (1980).

[5] Finally, defendant argues the court erred by summarizing the evidence favorable to the State while failing to summarize at all evidence favorable to the defendant. Although defendant presented no witnesses of his own, he contends that substantial evidence was developed through cross-examination of the State's witnesses to support his theory that one of the Lee brothers committed the crimes. Examples cited by defendant include the evidence that the hole in the pawn shop wall was small and Jerry Lee was of a small build, though strong enough to wield a sledgehammer; evidence that Jerry Lee had worked at the pawn shop previously; evidence that Jerry Lee was warming his hands when the officers entered the trailer, allegedly suggesting that he had recently been outside; and evidence that Ricky Lee had abrasions on his hands. Defendant relies upon *State v. Sanders*, 298 N.C. 512, 259 S.E. 2d 258 (1979). The Supreme Court recently elaborated on the *Sanders* opinion in *State v. Moore*, 301 N.C 262, 271 S.E. 2d 242 (1980), stating:

> The language of [G.S. 15A-1232] and our prior decisions interpreting it require the court to summarize the evidence of

both parties only *to the extent necessary to explain the application of the law thereto.* In *Sanders,* the evidence elicited on cross-examination and presented in the State's case which was favorable to defendant was substantive evidence which tended to exculpate defendant, including a statement made by defendant to police officers which was directly in conflict to the evidence presented by the State. The trial judge could not have adequately explained the application of the law in the case without mentioning this evidence. In the present case, the evidence which defendant claims is favorable to her . . . is all testimony which tends to impeach or show bias in the State's witnesses. It is not substantive in nature and would not clearly exculpate defendant if believed. The capable trial judge was thus able to adequately relate the application of the law to the evidence without mentioning this testimony. We hold that G.S. 15A-1232 and our opinion in *Sanders* do not require the trial judge to summarize evidence favorable to defendant under the circumstances present in this case where the evidence is not necessary to an explanation of the applicable law.

*Id.* at 277-278, 271 S.E. 2d at 251-252. *Accord, State v. McDowell,* 301 N.C. 279, 271 S.E. 2d 286 (1980). Here the evidence cited by the defendant would not exculpate him even if believed. All of the evidence tended to establish that defendant acted, either alone or in concert, to commit the offenses charged. The evidence which he cites thus did not tend to establish a substantive defense for defendant, and the court was able to apply the law to the evidence without mentioning it. Defendant's assignment of error is overruled.

No error.

Judges MARTIN (Robert M.) and BECTON concur.