873 F.2d 1440
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Jim RAWLES, Petitioner-Appellant,
v.
Aaron JOHNSON, Secretary, North Carolina Department of
Corrections, Lacy Thornburg, Attorney General of
North Carolina, Respondents-Appellees.
 No. 88-7644.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 24, 1989.
 
 Bowen Crossling Tatum, Jr., Paul Anthony Hardison, for Appellant.
 Richard Norwood League, Office of the Attorney General of North Carolina, for appellees.
 Before PHILLIPS, CHAPMAN, and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Jim Rawles appeals the judgment of the district court dismissing his petition for a writ of habeas corpus brought pursuant to 28 U.S.C. Sec. 2254. In his petition Rawles sought habeas relief on the grounds that (1) the evidence was insufficient,[1] (2) it was error for the trial judge to leave the bench while the prosecutor was making closing arguments to the jury, (3) it was error for the closing arguments not to be recorded by the court reporter, and (4) the 30-year sentence for second degree rape was cruel and unusual punishment. The district court denied relief on all of Rawles's claims. We find no error and affirm.
 
 
 2
 * During the prosecutor's closing argument to the jury the trial judge left the courtroom, without objection from either party, and argument continued. At some point in the argument counsel for the defendant objected to the prosecutor's comments and argument was suspended while the bailiff located the judge. The judge returned to the courtroom and held a bench conference with counsel in the presence of the jury. After being advised by counsel on the nature of the objections, the judge told the prosecutor to rephrase his argument, but did not otherwise rule on the objections. The judge again left the bench until brought back by the bailiff to rule, in the same manner as before, on an objection made by the defense counsel to the prosecutor's argument. Neither the jury arguments nor the bench conferences were recorded by the court reporter since they were not requested by either counsel or ordered by the trial judge.
 
 
 3
 Appellate review of potential prejudice from the procedures surrounding the closing argument is virtually precluded because the closing arguments to the jury were not transcribed or reconstructed. In any event, Rawles does not point to any specific prejudice to him resulting from the procedure used. Moreover, the record supports the inference that the objectionable comments by the prosecutor were not prejudicial. Significantly, counsel did not request the court reporter to record the jury arguments, and did not request the trial judge to remain in the courtroom, even after the first objection to the prosecutor's comments. Nor did counsel attempt to create a record regarding the substance of the objectionable comments, or the trial judge's ruling on the objections, in order to facilitate appellate review, although North Carolina statutes provide a procedure for that purpose. See N.C.G.S. Sec. 15A-1241, infra.
 
 
 4
 We conclude that the procedures surrounding the closing arguments sufficiently satisfied defense counsel's concerns at that time. Rawles may not pursue one course at his trial until it proves unsuccessful then insist in postconviction "that the course which he rejected at the trial be reopened to him." Johnson v. United States, 318 U.S. 189, 201 (1943). Although we are concerned about the potential for prejudicial error when a trial judge leaves the courtroom at any stage of a trial, we believe that the judge's absence during closing argument in this case, if error, was harmless. If the inappropriate comments would have had any effect on the verdict, counsel would have taken the minimal steps necessary to preserve a record for review. Rawles has waived any challenge to this issue by his repeated inattention to it. See Johnson, supra; see also Stirone v. United States, 341 F.2d 253 (3rd Cir.), cert. denied, 381 U.S. 902 (1965); Heflin v. United States, 125 F.2d 700 (5th Cir.) (mere absence of judge for a short time, without a showing of prejudice, is not reversible on direct appeal or collateral attack), cert. denied, 316 U.S. 687 (1942).
 
 II
 
 5
 Rawles's claim regarding the court reporter's failure to record the closing arguments is related to his claim concerning the judge's absence.
 
 
 6
 N.C.G.S. Sec. 15A-1241 provides, in pertinent part:
 
 
 7
 (a) The trial judge must require that the reporter make a true, complete, and accurate record of all statements from the bench and all other proceedings except:
 
 
 8
 * * *
 
 
 9
 * * *
 
 
 10
 (2) Opening statements and final arguments of counsel to the jury; ...
 
 
 11
 (b) Upon motion of any party or on the judge's own motion, proceedings excepted under subdivisions (1) and (2) of subsection (a) must be recorded. The motion for recordation of jury arguments must be made before the commencement of any argument and if one argument is recorded all must be. Upon suggestion of improper argument, when no recordation has been requested or ordered, the judge in his discretion may require the remainder to be recorded.
 
 
 12
 (c) When a party makes an objection to unrecorded statements or other conduct in the presence of the jury, upon motion of either party the judge must reconstruct for the record, as accurately as possible, the matter to which objection was made.
 
 
 13
 (Emphasis added).
 
 
 14
 It is undisputed that neither counsel for the defendant nor the state requested that the closing arguments be recorded, although the defendant had an absolute right to have them recorded under the explicit terms of the statute, and under North Carolina case law. See e.g., State v. Tripp, 52 N.C.App. 244, 278 S.E.2d 592 (1981). Moreover, under the statute, and Tripp, Rawles could have requested recordation of the arguments after the first objection to the prosecutor's statements or reconstruction of the arguments at their conclusion. As in his first assignment of error, Rawles has shown no prejudice from the lack of a recording of the closing arguments. Consequently, he is not entitled to relief. United States v. Gillis, 773 F.2d 549, 554 (4th Cir.1985) (appellant must demonstrate missing portion of transcript specifically prejudiced his appeal before this will serve as grounds for reversal). See also Conyers v. Wainwright, 309 F.Supp. 1101, 1103 (S.D.Fla.1970) ("failure of the state court to report the final arguments does not rise to a constitutional plane").
 
 
 15
 We further conclude that Rawles has waived any relief under this issue due to his failure to obtain the relief allowed under N.C.G.S. Sec. 15A-1241(b) and (c). See, e.g., Linebarger v. Oklahoma, 275 F.Supp. 79, 81 (N.D.Okla.1967) (where state procedure permits waiver of recording of closing argument and petitioner's counsel waives the recording, no constitutional question is involved; alternatively, if erroneous, then it is error to be corrected on appeal and not by way of collateral attack), aff'd, 404 F.2d 1092 (10th Cir.1968), cert. denied, 394 U.S. 938 (1969); Keener v. Tennessee, 281 F.Supp. 964, 969 (E.D.Tenn.1968) (omission in transcript does not present constitutional question where petitioner failed to assert available rights).
 
 III
 
 16
 Finally, Rawles argues that his 30-year sentence for second degree rape is cruel and unusual punishment. In North Carolina the maximum sentence for second-degree rape is 40 years. See N.C.G.S. Secs. 14-1.1(a)(4)[2] and 14-27.3.[3] The presumptive sentence under N.C.G.S. Sec. 15A-1340.4(f)(2), however, is only 12 years. The trial court used a prior conviction on which the maximum sentence was only 6 months as the aggravating factor to go outside the presumptive sentence. Rawles contends that the sentence imposed, which is 18 years greater than the presumptive sentence, violates the Eighth Amendment and requires this court to conduct a proportionality analysis.
 
 
 17
 In United States v. Rhodes, 779 F.2d 1019, 1028 (4th Cir.1985), cert. denied, 476 U.S. 1182 (1986) this Court noted that Solem v. Helm, 463 U.S. 277 (1983), required a proportionality analysis only in those cases involving a life sentence without parole. Moreover, we are mindful that federal courts should be reluctant to review sentences within the legislatively mandated maximum, and that " 'successful challenges to the proportionality of particular sentences' should be 'exceedingly rare.' " Hutto v. Davis, 454 U.S. 370, 374 (1982).
 
 
 18
 In light of Rhodes, Solem and Hutto, we cannot conclude on this record, that Rawles's 30-year sentence, which is within the legislatively mandated maximum of 40 years, is cruel and unusual punishment.
 
 IV
 
 19
 Accordingly, we affirm the judgment of below denying the petition. Because the facts and legal arguments are adequately presented in the briefs and record and the decisional process would not be significantly aided by oral argument, we dispense with it pursuant to Fed.R.App.P. 34(a)(3).
 
 
 20
 AFFIRMED.
 
 
 
 [1]
 Although Rawles challenged the sufficiency of the evidence to sustain his conviction below he has not pressed the denial of relief on this claim on appeal, therefore, we do not address it
 
 
 [2]
 A Class D felony shall be punishable by imprisonment up to 40 years, or a fine or both
 
 
 [3]
 Sec. 14-27.3. Second-degree rape
 * * *
 (b) Any person who commits the offense defined in this section is guilty of a Class D felony.